[No. 10,455.]
## PEOPLE v. GREEN.

CRIMINAL LAW—PERJURY—MATERIALITY OF EVIDENCE.

APPEAL from a judgment for the plaintiff, in the County Court of Tulare County.

The facts are stated in the opinion.

*J. H. Budd*, for Appellant.

*A. L. Hart*, Attorney-General, for Respondent.

Department No. 1, Ross, J. :

The defendant was convicted of the crime of perjury, in the County of Tulare, and brings this appeal from the judgment of conviction, and also from the order denying his motion for a new trial.

It appears that two brothers, named Michael and James Maher, were engaged, as partners, in raising sheep near Tipton, Tulare County, in the year 1876. That in the month of July of that year they went with their sheep to the mountains, and that both of them were supposed to have been afterward killed. On the 7th of March, 1878, one J. J. Kerrick was indicted by the grand jury of Tulare County for the murder of Michael Maher. The indictment in that case charged Kerrick with having murdered Michael on or about the 20th of August, 1876. The defendant Green was a witness for Kerrick on the trial of the charge against him, and the indictment in the present case charges that Green, on that occasion, willfully and falsely testified, among other things, that he saw James

Maher on the last day of August or the first day of September, 1876, at his (Green's) place, on Deer Creek, in Tulare county, at which time he had a conversation with him, and that Maher had told him (Green) that he (Maher) had sold the sheep belonging to himself and brother to the Kerricks; that he (Green) was on the 29th day of August, 1876, in company with one McDonald in going to Visalia, when McDonald said to him (Green) "that there was the Maher boys" (meaning Michael and James Maher); and that defendant Green asked McDonald "which one was Jim Maher," (meaning James Maher) and that McDonald replied, "that the largest one was Jim Maher."

Upon the trial of this action, the prosecution introduced, among other evidence, the reporter's notes of the testimony of Green, given on the trial of the *People* v. *Kerrick.* The jury found that the testimony that he there gave was false, and rendered a verdict of guilty. It is claimed here, on behalf of the prisoner, that the testimony so given by him was not material to the issue in the prosecution against Kerrick, and this point is the only ground of the present appeal.

We think the point not well taken. The indictment against Kerrick, as has been observed, charged him with having murdered Michael Maher on or about the 20th of August, 1876. In that prosecution it was, of course, essential for the people to prove that Michael Maher was in fact dead, and that he came to his death by means of some act of Kerrick. In order to controvert the charges in the indictment, Green went upon the stand and testified in Kerrick's behalf, to the effect that *subsequent* to the alleged murder, to wit, on the 29th or 30th of August, he saw James Maher at his (Green's) house, and also saw him at about the same time herding sheep in the vicinity of Tipton; and he further testified as follows: "The 29th or 30th of August was the last time I saw James Maher until I saw him at my place on the 29th of August. I was coming to Visalia to work, and McDonald was with me. He says, 'that's the Maher boys.' Says I 'which is the one they call Jim?' He says, 'the largest one.'"

If by this is meant that the witness saw Michael Maher on the 29th or 30th of August with his brother James, the materi-

ality of the testimony cannot be questioned. For if it was true that Michael was seen alive after the alleged murder, such fact would, of course, have been an answer to the charge. But if by the testimony quoted, and other testimony of a similar character, the witness did not intend to say that he saw Michael Maher after the alleged murder, still he did distinctly and positively swear that he saw *James* Maher on Deer Creek on the 29th or 30th of August, and about the same time saw him herding sheep in the vicinity of Tipton. If true, this, in view of the facts appearing in the record, would have been a circumstance more or less potent, tending to show that the theory of the prosecution as to Michael's murder was not correct. In either view, we think the testimony given by defendant on the trial of the *People* v. *Kerrick* was material to the charge then under consideration, and that the verdict and judgment of conviction should not be disturbed here.

Judgment and order affirmed.

MORRISON, C. J., and McKINSTRY, J., concurred.