[Crim. No. 28.   First Appellate District.—July 9, 1906.]

## THE PEOPLE, Respondent, v. ERNEST MOORE CHAD-WICK, Appellant.

CRIMINAL LAW—PERJURY—INSTRUCTION AS TO PROVINCE OF JURY.—Upon a trial for perjury, an instruction that it was for the jury to determine whether defendant gave the testimony which the indictment charges he did give, or any portion of it; that such testimony was false—that is, whatever testimony he gave in that action, if he gave any of such testimony; that the testimony he did give, or some portion of it, was false, that the defendant, at the time he swore to such testimony, knew it to be false; and that the testimony so alleged to be false was material to the issue—taken as a whole, could not give the jury to understand that they could convict the defendant for any false testimony other than that charged in the indictment.

ID.—MATERIALITY OF TESTIMONY—MIXED QUESTION OF LAW AND FACT—HARMONY OF INSTRUCTIONS.—Whether testimony given upon the trial of a cause is material to the issues then before the court is a question of law to be determined by the court; but, as is sometimes the case, especially upon a trial for perjury, the materiality of the testimony will depend upon the existence of other facts; and if these facts are controverted, their existence must be determined by the jury; and an instruction to them that the existence of these facts would, as matter of law, render the testimony material, and that they must so find, is in harmony with the instruction that for the purpose of reaching a verdict, they must determine whether it is material.

ID.—PROVINCE OF COURT AND JURY.—A jury is at all times required, in rendering their verdict, to apply the facts shown in evidence in accordance with the rules of law given by the court; but, in so doing, the verdict is none the less rendered by the jury.

ID.—DIRECT EVIDENCE OF PERJURY.—Upon a trial for perjury, direct evidence thereof by two witnesses, or by one witness with corroborating circumstances, is not limited to a denial in the very words of the testimony given by the defendant, but includes any positive testimony to a contrary state of facts from that sworn to by him on the former trial, or which is absolutely incompatible with his evidence or physically inconsistent with the facts so testified to by him.

ID.—INSTRUCTIONS—VALIDITY OF FORMER INFORMATION FOR FORGERY.—Where the perjury is charged to have been committed upon a former trial of the defendant under an information for forgery of a telegraphic message, an instruction requested by the defendant as to the insufficiency of the information for forgery was properly refused. Whether that information was defective or not was a question to be determined by the court in which that trial was had.

ID.—INSTRUCTION AS TO MATERIALITY OF EVIDENCE.—Where the defendant was charged with perjury, in falsely testifying upon the former trial for forgery concerning the time and place of the execution and delivery of two telegrams offered in evidence upon that trial, the court properly refused a requested instruction to the effect that inasmuch as it was shown at that trial that the defendant did not send the telegraphic message charged to have been forged, but merely furnished it to the operator to be sent by telegraph, it was not material to know when and where the telegrams herein considered were written.

ID.—OBJECTION TO INDICTMENT FOR TWO CHARGES OF PERJURY—WAIVER—FAILURE TO DEMUR.—Without determining whether the indictment for perjury committed in swearing falsely to the place where such two telegrams were written, and also for perjury committed in swearing falsely that they were delivered to a person named at the same place, is or is not objectionable as charging two offenses, an objection on that ground appearing upon the face of the indictment is waived by failure to make it by demurrer.

ID.—TESTIMONY OF WIFE GIVEN UPON FORMER TRIAL—ABSENCE OF OBJECTION—EVIDENCE OF REPORTER.—Where the testimony of the wife of defendant was given upon the former trial for forgery without objection, and was proved by the evidence of the reporter on such former trial, given upon the trial of the charge of perjury, also without objection, no error was committed in such proof. Furthermore, the testimony so given upon the forgery trial by the wife of the defendant, not objected to by him, was admissible against him upon the trial of the charge of perjury, committed in the forgery case, so far as it would tend to show the materiality of the testimony given upon the trial for forgery, and made the basis of the charge of perjury. (Opinion of supreme court, on petition for transfer of cause.)

ID.—PREVIOUS CONVICTION OF FELONY—INSUFFICIENT SHOWING—JUDG-MENT-ROLL—ADMISSION UPON FORMER TRIAL.—A charge of a previous conviction of a felony, with the charge of perjury, does not appear to be supported by a sufficient showing, where a judgment-roll offered in evidence is not set forth in the bill of exceptions, and it contains no recital of its character; nor can it be sustained by the testimony of the reporter of a mere admission of the defendant, made upon the former trial of the forgery charge, that he had been convicted upon a prior charge of felony at a different date from that of such judgment-roll. His former naked admission of the fact, being extrajudicial, in relation to the present case, notwithstanding it was under oath, cannot establish that element of the present indictment.

ID.—VERDICT OF FORMER CONVICTION SEVERABLE.—The unsupported verdict of a prior conviction of felony is severable from that portion of the verdict finding the defendant guilty of perjury. The verdict for a prior conviction may be disregarded, and judgment entered against the defendant upon that portion of the verdict which was sustained by the evidence.

ID.—EFFECT OF SENTENCE—PRESUMPTION—JUDGMENT NOT SUSTAINABLE.—Although the sentence for the shortest term for which the defendant could be imprisoned, if the charge of prior conviction had been established, might have been for the same term upon a verdict merely finding him guilty of perjury, yet it cannot be assumed that the court disregarded any portion of the verdict in fixing the term of imprisonment, and its judgment in that respect cannot be sustained.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Carroll Cook, Judge.

The facts are stated in the opinion of the court.

E. M. Chadwick, Appellant *in pro. per.*

U. S. Webb, Attorney General, C. N. Post, Assistant Attorney General, and J. Charles Jones, for Respondent.

HARRISON, P. J.—Upon an indictment charging the appellant with the crime of perjury, in having willfully and falsely testified at a trial of himself under the charge of forgery, that two certain telegrams, purporting to have been signed by Marie Schneider which were introduced in evidence at that trial, were written by him on or about the first

4 Cal. App.—5

day of March, 1901, in a cell or room of the police station in the city of Ogden, in the state of Utah, after he had been arrested at the said city of Odgen and while he was detained and imprisoned in said cell or room under said arrest, and that the said telegrams were at said time and place delivered by him to one Norine Schneider, he was tried and convicted before a jury in the superior court in and for the city and county of San Francisco, and has appealed from the judgment rendered thereon and from an order denying him a new trial.

1. The court gave the jury the following instruction, viz.:

"You have heard the testimony in this case, and it is for you to determine . . . Fourth. That the defendant swore to the testimony alleged in the indictment to be false. That is a question of fact for you to determine, whether he gave the testimony which the indictment charges he did give, or whether he gave any portion of it. Fifth. That such testimony was false, that is, whatever testimony he gave in that action, if he gave it; and if you find there was such an action, and if he gave any of such testimony, that the testimony that he did give, or some portion of it, was false. Sixth. That the defendant, at the time he swore to such testimony, knew it to be false. That is a question of fact for you to determine, bearing in mind the rule of law that an unqualified statement of that which one does not know to be true is equivalent to a statement of that which one knows to be false. Seventh. That the testimony so alleged to be false was material to the issue then before the court."

It is urged by the appellant that, as evidence of any false testimony for which the defendant could be convicted is limited to that laid in the indictment, it was error for the court to thus permit the jury to consider any testimony given by him at the previous trial other than that laid in the indictment, and to convict him if they should find that any portion thereof was false. We are of the opinion, however, that the above language of the court will not admit of this construction, and that from the whole instruction given them the jury could not have understood that they could convict the defendant for any false testimony other than that which is charged in the indictment. They were told that in order to convict the defendant they must determine whether he gave

the testimony "which the indictment charges he did give"; and by being told in direct connection with this that they must find "that such testimony was false" they were expressly limited to the testimony laid in the indictment. The clause "whatever testimony he did give in that action," which is relied upon by the appellant, is by its connective "that is" placed in direct apposition with the clause "that *such* testimony was false," and is to be construed as an explanation thereof and with the same limitation. The further direction to determine whether "any of *such testimony*" which he gave in the prior action was false limited their consideration to "such" of the testimony laid in the indictment as they should find had been given by him, and is to be read as a continuation of and in connection with the prior portion of the instruction. The frequent limitation of their consideration to "such testimony" must have been understood by the jury as referring simply to whatever testimony of that charged in the indictment they should find was given by him.

 2. In direct connection with the last sentence of the above-quoted portion of the instruction the court told the jury that "whether the testimony alleged to be false was or was not material is a question of law which it is for the court to determine and not for the jury; the question of the materiality of evidence, no matter when and how it may arise, is always one of law for the court, and not of fact for the jury"; that in rendering a verdict in criminal cases the jury "only has the right to find the facts and apply to them the law as given by the court, and on a trial for perjury it is the duty of the court to instruct the jury as to what facts would show the testimony to be material"; and said to the jury that if they found certain facts to be as alleged, the testimony, charged in the indictment herein to have been given by the defendant, was material to the issues in the former action.

There was no error in thus instructing the jury. Whether testimony given upon the trial of a cause is material to the issues then before the court is a question of law to be determined by the court; but, as is sometimes the case, especially upon a trial for perjury, the materiality of testimony will depend upon the existence of certain other facts; and if these facts are controverted, their existence must be determined by the jury. The instruction to them that the existence of

these facts would as a matter of law render the testimony material, and that they must so find, is in entire harmony with the instruction that, for the purpose of reaching a verdict, they must determine whether it is material. In being permitted to determine the existence of these facts, the determination of the materiality of the testimony was left with the jury. A jury is at all times required in rendering their verdict to apply the facts shown in evidence in accordance with the rules of law given them by the court; but in so doing the verdict is none the less rendered by the jury. (See *People* v. *Lem You,* 97 Cal. 224, [33 Pac. 11] ; *Ball* v. *Rawles,* 93 Cal. 228, [27 Am. St. Rep. 174, 28 Pac. 937] ; Pen. Code, sec. 1126.)

"Before the defendant can be convicted of the offense charged in the indictment his guilt must be shown by the positive and direct testimony of two witnesses, or by the positive and direct testimony of one witness and corroborating circumstances. In other words, the law prescribes a different rule of evidence in perjury cases than prevails in ordinary cases, both as to the kind and amount of testimony required to convict. The rule is different as to the kind of evidence, for positive testimony is absolutely necessary in a perjury case, and circumstantial evidence standing alone is never sufficient. Again, for nearly all violations of the law the evidence of one credible witness is sufficient to support a conviction, but in prosecutions for perjury the rule is clearly the contrary, and is as I have stated. In perjury cases, in order that the evidence may be deemed sufficient, there must be positive testimony to a contrary state of facts to that sworn to by the defendant at the previous trial; that testimony must either be by two witnesses, or by one witness and corroborating circumstances."

Section 1986 of the Code of Civil Procedure declares: "Perjury and treason must be proved by testimony of more than one witness; treason by the testimony of two witnesses to the same overt act; and perjury by the testimony of two witnesses, or one witness and corroborating circumstances."

The above instruction, it will be seen, in addition to stating the provisions of section 1968 of the Code of Civil Procedure, told the jury that the guilt of the defendant must also be shown by the "positive and direct" testimony of two

witnesses, or the "positive and direct" testimony of one wit-
ness and corroborating circumstances.    As the instruction in
this respect was favorable to the appellant, he does not claim
that it was erroneous, but contends that there was no "di-
rect" testimony of the guilt of the defendant; that "there
was no witness who was present at said cell and swore that
the defendant did not there write said telegrams, and did not
deliver them to Norine Schneider''; his counsel saying also
in the brief filed in his behalf that "if it were sought to
prove the defendant guilty of the crime charged in the indict-
ment by direct testimony, the prosecution would have to pro-
duce at least one witness who was in the cell with the defend-
ant all the time during his incarceration at Odgen, and such
witness would have to testify that the defendant did not dur-
ing such incarceration write said telegram, and did not then
and there deliver the same to Norine Schneider.   Such di-
rect evidence was not produced, and the jury did not follow
the instruction of the court in finding the defendant guilty."

It was clearly shown at the trial herein that at the trial of
the former action the defendant did give the testimony
charged in the indictment to have been then given by him;
that at that time he testified that he was arrested at Odgen in
the night-time and on the same night was taken to the po-
lice station in that city and confined in a cell or room up-
stairs in the building; that at some time during the morn-
ing of the next day after his arrest, and while he was still
confined in that room, he wrote the two telegrams in ques-
tion, and in the afternoon of that day, while still confined
in the room, delivered them to Norine Schneider.   For the
purpose of showing the falsity of this testimony the prosecu-
tion called as a witness James F. Pender, who testified that
he was the officer who, in company with the chief of police,
arrested the defendant at Odgen, and took him from the hotel
where he was arrested to the police station; that Norine
Schneider was with the defendant when he was arrested, and
accompanied them from the hotel to the police station; that
while they were on the way from the hotel to the police sta-
tion, and before they reached it, Miss Schneider took one of
the telegrams from her hat and handed it to the witness; that
at the time the defendant was arrested he had a grip which
the witness took along with them and searched after they

reached the police station and before the defendant was taken upstairs to the cell or room in which he was confined; that upon so searching the grip they found and took from it the other telegram. Similar testimony was given by the chief of police.

The perjury with which the defendant is charged is, that upon the trial in the former action he falsely testified that the telegrams set forth in the indictment herein were written and delivered by him to Norine Schneider in his cell at Ogden and after his arrest in that city. That he gave such testimony fully appears as above shown, and in fact is not disputed. The fact in dispute at the trial herein, and upon which the falsity or truth of his testimony depended, was whether the telegrams had been written and delivered to her before his arrest, or whether he had written and delivered them in his cell after his arrest. If they were written before he was arrested his testimony that he wrote them after his arrest and while confined in his cell under such arrest was false. Any evidence, therefore, sufficient to establish as a fact that the telegrams had been written before his arrest would establish the physical impossibility of their having been written by him in his cell after his arrest, and thus demonstrate the falsity of his testimony.

"Direct evidence" is declared in section 1831 of the Code of Civil Procedure to be "that which proves the fact in dispute directly without an inference or presumption and which in itself, if true, conclusively establishes that fact." Upon a trial for perjury, direct evidence is not limited to a denial *in ipsissimis verbis* of the testimony given by the defendant, but includes any positive testimony of a contrary state of facts from that sworn to by him at the former trial, or which is absolutely incompatible with his evidence, or physically inconsistent with the facts so testified to by him. (*People* v. *Green,* 54 Cal. 592; *People* v. *Barry,* 63 Cal. 62; *People* v. *Wells,* 103 Cal. 631, [37 Pac. 529] ; *People* v. *Porter,* 104 Cal. 415, [38 Pac. 88].) The testimony of the witness Pender was direct and positive that he had the telegrams in his possession before the defendant was placed in his cell; that one was given to him by Miss Schneider before he was taken to the police station, and that he found the other in the defendant's grip which the witness took possession of at the time he arrested the de-

fendant. These facts do not depend upon inference or presumption, but were directly testified to by Pender and the other witness, and such testimony, if true, directly established the physical fact that the telegrams were written before the arrest of the defendant. In the language of the instruction it was "positive testimony to a contrary state of facts from that sworn to by the defendant at the previous trial." (See *People* v. *Wells, supra.*) The verdict of the jury shows that they accepted the testimony of these two witnesses as true, and that the testimony of the defendant to the contrary was false.

4. The court properly refused the instruction asked by the defendant to the effect that the information in the prior action was defective and did not charge a crime, for the reason that it fails to state that the message was sent "by telegraph"; and that the testimony of the defendant was therefore not material. Whether that information was defective or not was a question to be determined by the court in which that trial was had. That court held it to be sufficient, and its action in this respect was sustained by the supreme court. (*People* v. *Chadwick*, 143 Cal. 116, [76 Pac. 884].)

Upon the same grounds the court properly refused to give the instruction asked by the defendant to the effect that, inasmuch as it was shown at the trial of the former action that the defendant did not himself actually send the message by telegraph, but merely furnished the message to the operator to be sent by telegraph, it was not material to know when and where the telegrams herein considered were written.

The further objections that the indictment charges two offenses—a perjury committed in swearing falsely that the telegrams were written in Ogden; and another perjury committed by swearing that they were delivered to Norine Schneider at the same place, arises upon the face of the indictment, and whether well taken or not should have been presented by demurrer. (Pen. Code, sec. 1004 [3].) It is unnecessary to determine whether such objection is well taken or not; but as it appears upon the face of the indictment it was waived by failing to make the objection by demurrer. (Pen. Code, sec. 1012.)

5. It is urged by the appellant that, inasmuch as Norine Schneider was the wife of the defendant, the court erred in permitting her to testify in behalf of the people without

first obtaining the consent of the defendant. This objection, as well as the facts upon which the objection is urged, is not sustained by the record. It is recited in the minutes of the trial under the date of July 28, 1902, "Thereupon Norine Schneider was duly sworn and examined for the People, and excused." The bill of exceptions does not show the character or extent of the examination, or that she gave any testimony in the case; and it is perfectly consistent with this recital that she was "excused" from testifying, upon the ground that it appeared that she was the wife of the defendant. Her testimony, which is set forth in the bill of exceptions, was not given by her as a witness at the trial herein, but is merely the testimony of the witness Elderkin (the official stenographer) that upon the trial of the former action she gave such testimony.

The provisions of the code (Code Civ. Proc., sec. 1881 [1]; Pen. Code, sec. 1322) prohibiting a husband or a wife from being examined as a witness for or against the other, except with the consent of both, does not preclude the people, in a criminal proceeding against either of the spouses, from proving the statements or declarations of the other (if otherwise admissible) by the testimony of a witness who heard them. The code merely makes either spouse incompetent as a *witness* in an action or proceeding against the other, but does not render their statements elsewhere given privileged against being shown by competent testimony.

6. The indictment against the defendant also charges him with a previous conviction of a felony, and the jury so found. The appellant contends that there was no evidence in support of this portion of the verdict, and we are of the opinion that this contention must be sustained.

In support of the issue upon this portion of the indictment the bill of exceptions states that the prosecution offered in evidence "the judgment-roll in case No. 11,906, in the Matter of the *People of the State of California* v. *Harry Westwood Cooper,* Department number 12 of the Superior Court; Judgment-roll filed Jan. 14, 1898," together with testimony that "the party mentioned therein is the defendant at the bar, Ernest Moore Chadwick." The judgment-roll thus offered is not set forth in the bill of exceptions, nor is there any recital therein of the character of the proceeding—

whether the judgment was rendered in a civil or in a criminal proceeding, or if the latter, whether the defendant was convicted of a felony or of a misdemeanor. In the absence of any showing of the character of the judgment, the jury were not authorized to find therefrom that the defendant had suffered a prior conviction of a felony.

The only other evidence bearing upon this issue is the following: At the trial herein the prosecution called as a witness the official reporter of the trial of the defendant upon the charge of forgery, who read in evidence the testimony given by him at that trial. Upon his cross-examination therein the defendant was asked by the district attorney the following question, viz., "Were you on the fourteenth day of June of the year 1898, convicted of a felony?" to which he answered, "I was, yes, sir."

This evidence merely showed that the defendant, upon a certain occasion prior to the indictment herein, had admitted that at the designated date, June 14, 1898, he had been convicted of a felony. It will be observed that this inquiry and statement were directed to a different date from that laid in the indictment, that being by a judgment which bears date on the fourteenth day of *January*, A. D. 1898.

The fact that the defendant had been previously convicted of a felony was a distinct element of the charge made against him in the indictment, and the defendant has the right to insist that the prosecution shall establish the existence of that element by competent evidence before he can be convicted thereof. While the testimony of the witness that such admission was made during the former trial was corroborated by his testimony that he entered it in his stenographic notes of the trial at the time it was made, and afterward made a transcript in longhand of those notes, from which he read the statement at the trial herein, it was in legal effect only the parol statement of the witness that he had heard the defendant make such admission. The rule is clearly established in this state that the extrajudicial statements or admissions of a defendant, in the absence of other evidence of the commission of the crime charged against him, are insufficient to establish his guilt (*People* v. *Jones*, 31 Cal. 565; *People* v. *Simonsen*, 107 Cal. 345, [40 Pac. 440]) ; and they are equally insufficient to establish the existence of any substan-

tive or essential element of a crime charged against the defendant. The admission of the defendant to which the witness testified was none the less extrajudicial for having been given under oath during the trial of the charge of forgery against him. It was not an admission of any fact connected with the transaction for which he was then prosecuted, or for which he is prosecuted herein, or made with any reference to the charge contained in the present indictment. As there was no evidence of any fact showing that a felony had been committed, or connecting him with any facts constituting a felony, his naked admission that he had been convicted of a felony was insufficient to establish that element of the present indictment.

7. Although this portion of the verdict was unauthorized, it does not follow that a new trial must be granted. The verdict that the defendant had suffered a prior conviction is severable from that portion finding him guilty of perjury, and as we have seen that the latter portion of the verdict is sustained by the evidence, the verdict of a prior conviction may be disregarded, and judgment entered against the defendant upon that portion of the verdict which was sustained by the evidence.

In the judgment rendered by the court the defendant was sentenced to imprisonment in the state prison for the term of ten years. This is the shortest term for which he could be imprisoned if the charge of prior conviction had been established; and although the court might have sentenced him to imprisonment for the same term upon a verdict merely finding him guilty of perjury, it cannot be assumed that the court disregarded any portion of the verdict in fixing the term of imprisonment, and its judgment in that respect cannot, therefore, be sustained. (See *People* v. *Eppinger,* 109 Cal. 294, [41 Pac. 1037].)

The judgment is reversed, and the cause remanded to the superior court, with direction to that court that if, within twenty days after the filing therein of the *remittitur* from this court, the district attorney shall apply for an order dismissing that portion of the indictment which charges the defendant with having been convicted of a felony prior to the commission of the offense of perjury charged therein, and said application shall be granted, the court, in the exercise of

its discretion upon the facts and circumstances of the case, shall pronounce judgment and sentence upon the defendant as provided in section 126 of the Penal Code, and thereupon its order denying a new trial shall stand affirmed. If the district attorney shall not within said period of twenty days make said application, the superior court is directed to grant a new trial.

Cooper, J., and Hall, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 31, 1906, and the following opinion was then rendered thereon.

THE COURT.—The petition of the defendant to transfer this cause from the district court of appeal of the first district to the supreme court, to be heard and determined therein, is denied.

If the decision of the district court of appeal was intended to declare, as the defendant insists that it does, that when, upon the trial of a case, the wife of the defendant has testified against him without objection by him, her testimony then given may, in all cases, be read against him, over his objection, upon another trial of that or any other charge against him, we do not approve of that portion of it. No such question was necessarily involved in the case. The affirmance of the judgment, so far as the reading of such testimony is concerned, was justified by the fact that upon the trial of the forgery charge the defendant made no objection to the testimony of Norine Schneider against him, and that upon the trial of the perjury case, resulting in the judgment appealed from, he did not object to the reading of the testimony given by her upon the other trial. Furthermore, the testimony given upon the forgery trial by the wife of the defendant, not objected to by him, was admissible against him, upon the trial of a charge of perjury committed by him in the forgery case, so far as it would tend to show the materiality of the testimony given by him upon the trial for forgery and made the basis of the charge of perjury.