[Crim. No. 3188. In Bank.—June 18, 1929.]

THE PEOPLE, Respondent, v. CHARLES W. CARROW, Appellant.

Joel Terrell for Appellant.

U. S. Webb, Attorney-General, and John L. Flynn and James S. Howie, Deputies Attorney-General, for Respondent.

LANGDON, J.—Defendant was convicted of the crime of receiving stolen property. The information also charged that in the state of Kansas, prior to the commission of said offense, defendant had been convicted of a felony. The jury found the defendant guilty as charged and also that he had suffered a prior conviction. In accordance with the provisions of the statute (sec. 1168, Pen. Code), defendant was sentenced to imprisonment in the state prison for the term prescribed by law.

Upon appeal, defendant contends that the evidence is insufficient to support the verdict. It is conceded that defendant was in possession of the property in question and that it had been stolen. The general conduct of defendant, including his admission that he knew it was ''hot'' (meaning that he knew the property had been stolen), together with the fact that the property was found under a clod of dirt in the front yard of defendant's residence, where he admitted he had concealed it, were sufficient indications of knowledge of the fact on the part of defendant that the property had been stolen.

It is also contended that the evidence was insufficient to support the verdict as to the charge of prior conviction of defendant. Defendant denied the charge in the indictment of prior conviction of a felony. Upon that issue the record contains the testimony of a police officer that the defendant, after his arrest, stated that he had served a term in the state penitentiary of Kansas for grand larceny; that he was convicted because of the theft of automobile tires. When the defendant was on the witness-stand he was asked if he had ever been convicted of a felony and he stated that he had been so convicted. He contends upon appeal, however, that this latter question and answer should have gone only to the credibility of the witness and that it was incompetent upon any other issue and that the jury should have been so instructed. On the other hand, the respondent contends that the admission of defendant, testified to by the officer, is sufficient for the finding of the jury upon the prior conviction under the provisions of

section 1844 of the Code of Civil Procedure, to the effect that the direct evidence of one witness who was entitled to full credit is sufficient for proof of any fact except perjury and treason. It is argued that while the defendant may not have been entitled to full credit upon every subject, he is entitled to credit upon this matter which is against his interest.

However, the case of *People* v. *Johnson,* 57 Cal. 571, holds that while a defendant taking the witness-stand may be asked if he has been convicted of a felony, that question goes only to his credibility and this rule would exclude the testimony of defendant in this case so far as the issue of prior conviction is concerned. ■ This leaves the record with only the extrajudicial statement of the defendant, and it has been held repeatedly that a material element of a charge may not be proven by the extrajudicial statement of the defendant alone. (*People* v. *Chadwick,* 4 Cal. App. 63 [87 Pac. 384, 389], and the cases therein cited.) In *People* v. *Chadwick, supra,* it was said that the allegation of previous conviction of a felony is a distinct element of the charge and must be proven by competent evidence. ■ The provisions of the law (secs. 667 and 668, Pen. Code) increasing greatly the term of imprisonment of a person found guilty of a crime who theretofore has been convicted of an offense punishable according to the laws of this state by imprisonment in the state prison and who served a term therefor in any penal institution, should not be applied unless proper proof has been made by the state.

■ The procedure followed in the case of *People* v. *Chadwick, supra,* seems appropriate here, for although the portion of the verdict relating to a prior conviction was unauthorized, it does not follow that a new trial must be granted. The verdict that the defendant had suffered a prior conviction is severable from that portion finding him guilty of receiving stolen property.

The judgment is reversed and the cause remanded to the trial court, with direction to that court that if, within twenty days after the filing therein of the *remittitur* from this court, the district attorney shall apply for an order dismissing that portion of the indictment which charges the defendant with having been convicted of a felony prior to the commission of the offense of receiving stolen property charged therein,

and said application shall be granted, and the court, in the exercise of its discretion upon the facts and circumstances of the case shall pronounce judgment and sentence upon the defendant as provided in section 496 of the Penal Code, thereupon such judgment shall stand affirmed. If the district attorney shall not within said period of twenty days make said application, the superior court is directed to grant a new trial.

Preston, J., Curtis, J., Shenk, J., Seawell, J., and Richards, J. concurred.