[Crim. No. 2208.   Second Appellate District, Division One.—August 18, 1932.]

THE PEOPLE, Respondent, v. SPENCER WILLIAMS, Appellant.

William Bronsten for Appellant.

U. S. Webb, Attorney-General, and Alberta Belford, Deputy Attorney-General, for Respondent.

HOUSER, J.—By an information defendant was accused of the crime of forgery.  Later, by an amended information, defendant was charged with the commission of the identical offense of which he was originally charged, and in addition

thereto, in substance the information contained the allegation that theretofore, in Yuba County, within this state, said defendant had been convicted of the crime of burglary.

From a judgment of "conviction of a felony, to wit, forgery, and prior conviction *on* burglary", defendant has appealed to this court.

Appellant contends that prejudicial error was committed by the trial court in that, as related solely to the prior conviction of defendant, "the *corpus delicti* was not proved at the time the admission of the defendant was allowed to go into evidence". In that connection, the record discloses the fact that preceding the introduction of testimony by a witness to the effect that defendant had admitted to him all the facts relevant to the charge of prior conviction, the prosecution introduced in evidence certified copies of the record in the Superior Court in and for the County of Yuba, this state, by which it appeared that theretofore in said court a man by the same name as defendant had pleaded guilty to the former commission by him of the crime of burglary;—following which he had been granted probation.

Although prior to the reception in evidence of the admission of defendant which is the subject of appellant's present objection, defendant had not been identified as the person who theretofore had been convicted of a felony, it is noted that the name of the defendant who was convicted in Yuba County is identical with that of the defendant in this action. It is a rule of law that identity of person may be presumed from identity of name (subd. 25, sec. 1963, Code Civ. Proc.) ; also that a presumption constitutes a species of evidence which, unless controverted, is sufficient proof of the existence of the fact to which it relates. (10 Cal. Jur. 746, and authorities there cited.) It is therefore apparent that, in the circumstances presented by the record which preceded the admission in evidence of testimony in substance that defendant had admitted his prior conviction, at least a *prima facie* case had been established against him with reference to his former conviction of a felony. In the case of *People* v. *Hettick,* 126 Cal. 425, 428 [58 Pac. 918, 919], where a similar question was presented for the consideration of the appellate tribunal, it was said:

"In support of the charge of previous conviction of grand larceny the prosecution placed in evidence records of the superior court of San Diego county showing the conviction and sentence to one year in the state prison at San Quentin of 'George Hettick' for the crime of grand larceny in having stolen a mare, the personal property of J. C. Pelton. The testimony of Charles Bell, a witness for the prosecution, was to the effect that the defendant had admitted to him that he was sent to state prison at San Quentin for stealing a horse from John C. Pelton. . . .

"There was nothing to contradict or discredit the foregoing evidence, and we deem it sufficient to support the verdict for the people on the charge of a prior conviction of larceny."

In addition to the facts hereinbefore set forth, the record herein discloses the fact that on cross-examination defendant testified that theretofore, in the county of Yuba, he had been convicted of the crime of "larceny". It follows that, with reference to the point under consideration, defendant has no just ground for complaint.

Appellant also contends that since "the prior conviction charged in the information is nine years old and outlawed by the statute of limitation", in imposing a sentence on defendant for the commission by him of the crime of forgery, the trial court was without authority to judicially indicate any additional punishment to defendant because of the fact that theretofore he had been convicted of a felony.

The gist of appellant's contention is that, according to the information filed against him, the ultimate fact that defendant had suffered a prior conviction of a felony was an inseparable part and parcel of the main offense of forgery of which he was charged; and that since by the provisions of section 800 of the Penal Code an information against defendant for the commission by him of an offense of the nature of that here under consideration must be filed within three years "after its commission", it follows that as to the prior conviction of defendant, which occurred nine years preceding the filing of the information herein, defendant was not lawfully subject to criminal prosecution, and consequently that any judgment rendered by the trial court which in any way imposed, or pretended to impose, upon

defendant a sentence of imprisonment greater than that which legally might be imposed for the commission of the crime of forgery (without taking into consideration a prior conviction of defendant) would be and was prejudicial of defendant's substantial rights in the premises.

It is obvious that if for the commission of a criminal offense, the allegation in the indictment or the information therefor of the necessary facts which relate to any prior conviction of the accused person constitutes an essential ingredient of the second offense, the point presented by appellant is not to be dismissed without having given to it serious consideration; and in that connection, certain cases heretofore decided by the appellate tribunals of this state would seem to countenance, if not to lend support to, the position assumed by appellant. Perhaps originating in the case of *People* v. *Chadwick,* 4 Cal. App. 63, 73 [87 Pac. 384, 389], and thereafter cited and generally followed in the decisions by the courts of this state until and including the case of *People* v. *Carrow,* 207 Cal. 366, 369 [278 Pac. 857], the rule was broadly stated that the fact that the defendant had been previously convicted of a felony was a distinct element of the charge made against him in the indictment, and the defendant has the right to insist that the prosecution shall establish the existence of that element by competent evidence before he can be convicted thereof. But on consideration of each of such authorities it becomes clear that the legal principle there announced is inapplicable to the present situation. For example, in the Chadwick case, as well as in the case of *People* v. *Carrow,* the decision was addressed to the question of whether the evidence received on the trial of the action was sufficient to constitute legal proof of the former conviction of the defendant. The language there respectively employed by the Court of Appeal and by the Supreme Court,—the facts considered,—is not capable of adaptation to a question of whether the fact of a former conviction is a part and parcel of a subsequent offense. It is not impossible that in the framing of an indictment or an information as may relate to particular offenses, the former conviction of a person accused of the commission of a subsequent offense may become an essential element of the pleading and necessary subsequent proof; but even in such a situation it does not follow that the

former conviction of the defendant is a fact directly connected with the violation of the substantive law. As an illustration, a person convicted of the crime of petty larceny becomes punishable as though petty larceny were a felony when in the indictment or the information the fact has been pleaded and thereafter proved that such person theretofore has been similarly convicted and "served a term therefor". (Sec. 666, Pen. Code.) But it is obvious that the crime, by whomsoever committed, is defined and determined solely by the overt act which constitutes the criminal offense. The individuality of the person who has violated a general criminal statute is of no importance and furnishes no fact that is determinative of, or even relevant to, the question of whether an infraction of the law has occurred. In the prosecution of any general criminal cases of similar nature, irrespective of whether the respective defendants therein have or have not theretofore been convicted of a felony, wherein proper allegations are contained in the respective indictments or the informations therefor,—on the trial the *corpus delicti* of the alleged crime should be established in the one situation identically as it should be established in the other.

In the case of *People* v. *Wallach,* 79 Cal. App. 605 [250 Pac. 578, 579], the defendant was accused of the crime of burglary, a felony (with a prior conviction). At the trial of the action, on motion of the district attorney, the court struck from the indictment that portion thereof which contained the allegation which related to the prior conviction of the defendant. Following his conviction, on appeal the defendant contended that the necessary result of striking said allegation of prior conviction from the indictment was that thereafter the indictment failed to state a cause of action. In ruling upon the point, in part the court said:

" . . . If this last contention be correct, it must be for the reason that the amendment had the effect of changing the offense charged. This would be so only if the fact of former conviction, as originally alleged in the indictment, is an essential part of the offense, in the sense that burglary committed by one who has suffered a former conviction of burglary is an offense different in character from burglary committed by one who has not suffered such former conviction. . . . Under such circumstances the fact of the former convic-

tion does not change the definition or character of the second offense. It affects only the severity of the punishment. 'The object had in view in charging a previous conviction is not for the purpose of evidence as to the commission of the offense upon which the defendant is to be tried, but for the information of the court in determining the punishment to be imposed in case of conviction, as is clearly shown by sections 666 and 667 of the Penal Code.' (*People* v. *Thomas,* 110 Cal. 41 [42 Pac. 456].) Our view of the question is made yet more clear by section 1158 of the Penal Code, which requires that the jury, if they find a verdict of guilty 'of the offense with which he is charged', must separately find whether or not the defendant has suffered the alleged previous conviction; and, also, by section 1093 of the Penal Code, which provides that in cases where the indictment or information charges a previous conviction, and the defendant has confessed the same, the clerk, in reading the indictment or information at the trial, shall 'omit therefrom all that relates to such previous conviction'. Manifestly, the code would not have so provided if the charge of a previous conviction was, in legal contemplation, a part of the description of the offense for which the defendant is presently on trial."

As announcing the identical principle of law, see *Rawlings* v. *Commonwealth,* 191 Ky. 401 [230 S. W. 529]; *State* v. *Webb,* 36 N. D. 235 [162 N. W. 358]; *Neece* v. *State,* 62 Tex. Crim. Rep. 378 [137 S. W. 919]; *Howard* v. *State,* 139 Wis. 529 [121 N. W. 133].

It follows that appellant's point with reference to the applicability of the statute of limitations to the alleged fact of the prior conviction of defendant cannot be sustained.

The judgment is affirmed.

Conrey, P. J., and York, J., concurred.