[Crim. No. 5692. Second Dist., Div. Three. Oct. 22, 1956.]

THE PEOPLE, Respondent, v. ROBERT DONALD HAMM, Appellant.

Robert Donald Hamm, in pro. per., for Appellant.

No appearance for Respondent.

SHINN, P. J.—Robert Donald Hamm was charged with the wilful, unlawful and felonious possession of a preparation of

heroin (Health & Saf. Code, § 11500), and with a prior felony conviction, to wit, attempted robbery. Defendant denied the former conviction. Trial was to the court and the evidence consisted of that received at the preliminary hearing and additional evidence introduced at the trial. Defendant was represented by counsel. The court found defendant guilty and also found the charge of prior conviction to be true. He appeals from the judgment and an order denying him a new trial.

There was evidence of the following facts: At about 7:30 p. m. on March 1, 1956, plain-clothes officers White and Northrup were driving northward in an unmarked car on Towne Avenue in the city of Los Angeles. Officer White testified that it was dark and that the only artificial lighting came from the car headlights. He observed defendant and one Rollins walking southward on Towne. Defendant was nearest the curb. His attention was directed to the men by defendant's apparent nervousness. As the car approached, White saw defendant make a backhand flipping motion with his right hand and noticed a light object leave his hand. Rollins did not make a throwing motion. White got out of the car and discovered a cellophane bindle lying on the parking strip in the dirt next to the curb. The bindle was beside a parked car about three feet from where defendant was standing when he threw it. Both men's arms were examined; old needle marks were found on Rollins' arms; none was found on defendant. Officer White placed the bindle in an envelope, sealed it and sent it to the central property police officer where it was examined the next day by Jay Allen, a police chemist. Allen testified that he opened the envelope and found it to contain seven paper bindles, each one holding a quantity of powder. He analyzed the powder and determined it to be heroin.

Defendant, testifying in his own behalf, stated that while he and Rollins were walking southward on Towne Avenue, they were stopped by two plain-clothes policemen. The officers asked him if he was a narcotics user. He told them he had been but had quit it. The officers then examined both men for needle marks. They found none on defendant, but one of the officers accused defendant of being under the influence of narcotics. The officers were about to let them go when one suggested that defendant and Rollins might have dropped something. The officer searched the area with a flashlight and discovered a small package by the curb. De-

fendant denied that either he or Rollins had thrown the package away. On cross-examination, he admitted the prior conviction, but it was conceded that he had not served a term in prison.

Lovell Rollins, testifying on behalf of defendant, admitted being a narcotics user, but stated that defendant did not have the heroin in his possession.

Upon application of defendant for appointment of counsel, this court referred the matter to the Los Angeles Bar Association Committee on Criminal Appeals. The record on appeal was examined by a member of the committee and a report was made to the court that in the attorney's opinion no meritorious ground for appeal existed and that the filing of a brief would be unjustified. Defendant was duly so advised and his time to file a brief was substantially extended. No brief has been filed. In accordance with our practice, we have made an independent study of the record. (See *People* v. *Logan,* 137 Cal.App.2d 331 [290 P.2d 11].)

The evidence supports the judgment. There was testimony justifying a reasonable inference that Hamm had actual dominion and control over the heroin, and his knowledge that the package was contraband was sufficiently shown by his attempt to dispose of it when he feared apprehension. (*People* v. *Tennyson,* 127 Cal.App.2d 243 [273 P.2d 593] and cases cited.)

The People produced no evidence of defendant's former conviction. He was questioned on cross-examination as follows: ''Q. Have you ever been convicted of a felony, sir? A. Yes, sir, I have. Q. What felony? A. Robbery. Q. Really it was attempted robbery, wasn't it? A. Yes, sir. Q. Rather than robbery? A. Yes. Q. You never served a term in the Federal or State prison for it? A. No, sir.'' This admission of a former conviction was relevant only to the matter of defendant's credibility and was available to the People for the purpose of impeachment only. (*People* v. *Carrow,* 207 Cal. 366, 368-369 [278 P. 857] ; *People* v. *Batwin,* 120 Cal.App. 2d 825, 828 [262 P.2d 88].) The adjudication that defendant had suffered a prior conviction was without support in the evidence.

The judgment and order are reversed and the cause remanded to the trial court with direction to that court that if, within 20 days after the filing therein of the remittitur from this court, the district attorney shall apply for an order dismissing that portion of the information which charges

defendant with having been convicted of a felony prior to the commission of the offense under section 11500 of the Health and Safety Code charged therein, and said application be granted, and the court shall pronounce judgment and sentence upon defendant, thereupon such judgment shall stand affirmed. If the district attorney shall not within said period of 20 days make said application, the trial court shall grant appellant a new trial as to the accusation of the former conviction only.

Wood (Parker), J., and Vallée, J., concurred.

On October 23, 1956, the opinion and judgment were modified to read as printed above.