'[Crim. No. 7831. Second Dist., Div. Three. Nov. 1, 1962.]

THE PEOPLE, Plaintiff and Respondent, v. RALPH J. COLEMAN, Defendant and Appellant.

Ralph J. Coleman, in pro. per., for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

THE COURT.—Ralph J. Coleman, charged by information
with burglary, with two prior convictions of felony, which he
denied, was convicted in a nonjury trial and sentenced to state
prison. He appeals in propria persona from the judgment
and from an order denying his motion for new trial. He re-
quested appointment of counsel on the appeal; we read the
record, determined that the appeal is frivolous and denied
the application. Defendant was so advised, was given time
to file a brief and none has been filed.

There was evidence of the following facts. Defendant
had his car in a body shop for repair. He paid his bill with
a check for $11, which was payable to him, and drove away
shortly before the shop was locked up for the night, at about
6 p. m. Shortly thereafter the foreman returned and found
defendant in the office, hiding behind a filing cabinet. De-
fendant had removed his socks and covered his hands with
them. The office was ransacked, but nothing was missing.
There was a hole in the roof estimated to be about 18 by 20
inches. In the dust, leading from the hole to the stairway
down into the shop, there was a single pair of footprints.
There was evidence that the clothing defendant was wearing
while at the shop, and which was recovered from his apart-
ment by the police, was dusty and wrinkled. Defendant testi-
fied he was drunk in the shop, went to sleep in the toilet and
awoke to find the shop locked up. He was looking for the $11
check, which he feared was not cashable. However, it was
cashed upon presentation. Defendant testified he had a sock
covering his left hand but none covering the right hand. He
did not want to leave fingerprints, because of his criminal
record.

Upon the stand, upon cross-examination, defendant ad-
mitted the prior convictions of felony. He jumped bail in the
present case and was in jail in Denver for a crime he was
charged with there when he was located and was returned to
California.

In view of the evidence that defendant was not in the shop
when it was locked up for the night, it was a reasonable in-
ference that he entered the shop through the hole in the roof
with intent to commit theft.

The case was tried without error and defendant was justly
convicted. ■■■ The court found the allegation of the former
convictions to be true. Although defendant admitted them on
the stand they were not otherwise proved. Therefore, the
finding with respect to the former convictions should be

stricken. (*People* v. *Hamm*, 145 Cal.App.2d 242 [302 P.2d 345] ; *People* v. *Carrow*, 207 Cal. 366 [278 P. 857].)

The finding that defendant had suffered the former convictions is stricken from the judgment; otherwise the judgment and the order denying motion for new trial are affirmed.