[Crim. No. 2038. Second Appellate District, Division One.—August 18, 1931.]

THE PEOPLE, Respondent, v. J. J. WILLISON, Appellant.

John F. Groene for Appellant.

U. S. Webb, Attorney-General, and James S. Howie, Deputy Attorney-General for Respondent.

CONREY, P. J.—These appeals include two actions which were consolidated for trial. In action 42,098 the defendant was accused of burglary committed on September 12, 1930, at the house of one Katayama in the city of Arcadia. In said action it was further charged that before the commission of said offense the defendant on May 11, 1925, was convicted of burglary in the county of Los Angeles; and in April, 1911, was convicted of grand larceny in Sonoma County, and in April, 1908, was convicted of petit larceny with prior conviction in the county of Alameda; and for each of said offenses served a term of imprisonment in a penal institution. In action 42,179 defendant was ·accused of the crime of burglary committed on September 13, 1930, at the house of one Vanderbeck in the city of Pomona.

The points on appeal, as stated in the brief for appellant, are substantially as follows: *First*: That the evi-

dence is not sufficient to justify the verdict in either one of the two actions in this, that the evidence shows merely that the defendant was found in possession of certain stolen property, but that this evidence was not accompanied by other and additional evidence sufficient to support the verdict. Appellant seeks to have applied to this case the rule that possession of stolen property, the fruits of a burglary, is a circumstance tending to show guilt, but is not sufficient alone to justify a conviction. An examination of the record discloses testimony of admissions made by the defendant that he had taken some of the stolen clothing from the house of Katayama, and also that he had taken some of the stolen articles from the house of Vanderbeck. There is also evidence tending to prove that certain explanations made by the defendant, concerning the sources from which he had obtained possession of the stolen articles, were false.

*The second point* is that no entry was shown in either case. The record shows that in each case the house was locked when the owner went away for a temporary absence, and upon the owner's return the house was found broken open, and articles of personal property had been removed. It was made very clear in each instance that a burglary had been committed by someone, and the circumstances were sufficient to justify the jury's finding that the defendant was the guilty person.

Under *points three and four* it is claimed that the evidence was not sufficient to justify the finding of prior conviction in the county of Alameda and of prior conviction in the county of Sonoma, to which we have referred. In the case from Alameda County, the judgment was rendered against one James Mallek. The witness Metcalf, for many years an employee in the prison at San Quentin, identified the defendant herein as being the same person whom he knew in the prison as "Tony Mallach". There is, however, a total absence of evidence that the person known to the witness as Tony Mallach was the same person named as defendant in the prison commitment issued against James Mallek.

The witness Metcalf further testified that after being in prison under the name of Tony Mallach, the defendant came in again as a prisoner under the name of Powers, whose

first name, according to this witness, was either John or George. Metcalf recognized the defendant here as the man whom he had known in the prison as Powers. The witness produced in evidence the prison commitment of Powers, whose prison number was 25040. The defendant named in this commitment was not George or John Powers, but was Edward Powers. There is no evidence that, while the defendant was in prison and known by the name of George Powers, he was being held there under the commitment issued against a defendant named Edward Powers. It may be that these defects in the record are the result of carelessness in the introduction of the evidence. But where the state completely fails to produce any evidence of an essential fact, defendant is entitled to the benefit of the record thus made.

■ The *fifth* point assigns error in the giving of an instruction concerning possession of stolen property as a circumstance tending to show guilt. The decision in *People* v. *Brown,* 71 Cal. App. 181, 192 [235 Pac. 72], and other decisions there cited, are sufficient authority to sustain the said challenged instruction in the present case.

■ Under point *six,* appellant claims that the court erred in overruling defendant's motion that the issue of insanity, under his plea of not guilty by reason of insanity, be tried before another jury, and not by the jury which had passed upon the plea of not guilty. There is no merit in this contention. (Pen. Code, sec. 1026; *People* v. *Leong Fook,* 206 Cal. 64 [273 Pac. 779]; *People* v. *Troche,* 206 Cal. 35 [273 Pac. 767]; *People* v. *Davis,* 94 Cal. App. 192 [270 Pac. 715].)

■ *Finally,* appellant contends that the provisions of section 644 of the Penal Code, concerning the term of imprisonment prescribed in the case of a felony conviction of a person who has been previously three times convicted of felony, are unconstitutional for various stated reasons. The principles which underlie legislation affecting the penalties to be inflicted upon habitual criminals were discussed by the Supreme Court of California in the case entitled *In re Rosencrantz,* 205 Cal. 534 [271 Pac. 902]. The validity of section 644 of the Penal Code was therein sustained as against several forcefully presented grounds of objection thereto. The present appellant has not offered

any more substantial reason for determining that said section is unconstitutional than were the contentions made by the petitioner in the Rosencrantz case, and we conclude that there is no merit in the contention here made.

The judgment of the court is modified. The order denying defendant's motion for a new trial, in so far as said motion is related to the alleged prior convictions in the Superior Court of the County of Sonoma and in the Superior Court of the County of Alameda, and as to those matters only, is reversed, and as to all other matters and issues of the case, the said order is affirmed. Upon completion of the disposal, by new trial or otherwise, of said issues relating to former convictions in the county of Alameda and in the county of Sonoma, the trial court is directed to pronounce and enter judgment against the defendant, as prescribed by law. For the purposes hereinabove stated, the cause is remanded to said trial court.

Houser, J., and York, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on September 17, 1931.