[Crim. No. 2157. Second Appellate District, Division Two.—February 4, 1932.]

THE PEOPLE, Respondent, v. FRED DARLING, Appellant.

Stanley Visel for Appellant.

U. S. Webb, Attorney-General, Frank Richards, Deputy Attorney-General, Buron Fitts, District Attorney, and John Barnes, Deputy District Attorney, for Respondent.

FRICKE, J., *pro tem.*—Appellant was charged by information with having on June 30, 1931, committed the crime of burglary and with having prior thereto been convicted of a felony in the state of Washington. The jury returned two verdicts, one finding the defendant guilty of the burglary charged and finding it to be a burglary of the second degree, the other that the charge of prior conviction of a felony was true. Motions of defendant for a new trial as to both issues were denied and defendant was sentenced to the state prison.

No attack is made upon the trial, verdict or judgment, so far as the charge of burglary is concerned. The sole point presented here is that the court erred in receiving certain documents in evidence to prove the prior conviction. These documents were offered under the provisions of section 969b of the Penal Code, adopted in 1931, making the records of any state penitentiary in which a defendant has been imprisoned *prima facie* evidence of his trial, conviction and imprisonment for felony, "when such records or copies thereof have been certified by the official custodian of such records".

The prosecution offered and there was received in evidence without objection a card bearing the finger-prints of appellant taken by the finger-print deputy of the sheriff of Los Angeles County, who testified without objection that such finger-prints were identical with a photostatic copy of another card bearing finger-prints. This photostatic copy, also received in evidence without objection, bore upon its face also the words "Washington State Bureau of Identification, Walla, Walla". The prosecutor next offered in evidence the reverse side of this photostatic copy, on which appears the following:

"W. H. Freeman, being first duly sworn upon oath deposes and says that he is the record clerk of the Washington State Penitentiary and that the reverse picture is a photostatic copy of the finger prints of Fred Darling taken upon his commitment to Washington State Prison June 15, 1928.

"(Signed) W. H. FREEMAN
"Record Clerk

"Subscribed and sworn to before me this 5th day of September A. D. 1931.

"(Notary seal) P. E. MAHONEY

"Notary Public in and for the State of Washington, residing in Walla Walla, Washington."

To this appellant objected upon the ground that there was nothing to show that the person making the certificate was the legal custodian of the original of such record. The objection was overruled. Copies of the judgment and sentence, the order transferring the prisoner from the state reformatory to the state prison and commitment to the penitentiary, certified in the same general form as the photostatic copy above referred to, but specifying the identity of each document thus certified to, were also received in evidence over similar objections.

The basic question presented is: Were these exhibits certified by the official custodian of such records? The law of the state of Washington, of which we take judicial notice (subd. 3, sec. 1875, Code Civ. Proc.), provides for a state penitentiary near the city of Walla Walla, for a superintendent thereof who shall keep a registry of the convicts and authorizes such duty to be performed by a deputy or clerk. While the term "official custodian" would include not only the prison superintendent, but also a clerk or deputy, if such subordinate were charged with the custody of the records as a part of his duty, it does not follow that every clerk and deputy employed in such penitentiary would be an "official custodian". Since section 969b of the Penal Code makes certification by the "official custodian" a prerequisite to the admissibility of the documentary proof included in the section, the documents received in evidence here were inadmissible unless there was proof that their certification was by an official custodian. If there was any evidence that W. H. Freeman was an official custodian of the prison records it must be found within the certificate itself, for there was no other evidence tending to prove this essential fact. In *Galvin* v. *Palmer*, 113 Cal. 46, 54, 55 [45 Pac. 172], it was held that where the certifying officer expressly declares in his certificate that he is "the legal custodian" of the original of the certified document such recital is *prima facie* proof that he was such custodian. Conceding the correctness of this rule, it has no application

here. The certification of the documents here in question recites that it is made by the "Record Clerk", a term certainly not synonymous with the term "official custodian", and the status and position of the certifier as an "official custodian" is, therefore, not shown by the language used in the certificate. We are referred to no provision of the statutes of the state of Washington making a record clerk a custodian of prison records. Neither is there any proof as to the nature of the records with reference to which the record clerk has duties to perform. For aught we can tell from the record he may be the clerk who has charge of the records made by prisoners after their arrival at the penitentiary and may have absolutely nothing to do with their records of conviction. The fact that a record clerk made the certificates is certainly not proof that he was a custodian of the original documents. The irregularity of the so-called certificates, being in the form of affidavit and inartificially phrased rather than in the more conventional form generally used for the purposes of certification, indicates that the task of certifying to the correctness of copies of documents was one with which the record clerk was unfamiliar and would lead to the inference that this task was not within the scope of his employment.

The record is barren of any evidence which will warrant the inference that the documents in question were certified as required by section 969b of the Penal Code. We hold, therefore, that, in the absence of evidence that the copies of the documents in question were certified by the official custodian of the originals, such copies were not admissible in evidence, and their reception in evidence over objection was prejudicial error. Eliminating these copies from the evidence the verdict finding the allegation as to prior conviction to be true is not supported by any evidence, and the motion for a new trial, as directed to that verdict, should have been granted.

The judgment and the order denying a new trial of the issue as to the prior conviction of the defendant are reversed. The order denying the motion for a new trial directed against the verdict finding the defendant guilty of burglary is affirmed.

Craig, Acting P. J., and Thompson (Ira F.), J., concurred.