[Crim. No. 163. Fourth Appellate District.—March 23, 1934.]

THE PEOPLE, Respondent, v. HORACE E. SHAW, Appellant.

Thomas Okawara for Appellant.

U. S. Webb, Attorney-General, and James S. Howie, Deputy Attorney-General, for Respondent.

MARKS, J.—Defendant was accused by an information filed by the district attorney of Frenso County of the owner-

ship and possession by an ex-convict of a firearm capable of being concealed upon his person, with appropriate allegations of prior convictions of felonies. Upon arraignment he entered a plea of not guilty to the charge and admitted three prior convictions. Fifteen days later he again appeared in court with his counsel, withdrew his plea of not guilty to the charge and entered his plea of guilty thereto. Thereupon the court pronounced judgment, finding him an habitual criminal and sentencing him to life imprisonment in the penitentiary at Folsom.

The sole point for determination on this appeal is presented by the judgment contained in the clerk's transcript in which it was found and determined that defendant had suffered *three* prior convictions. It appears from the stenographic report of the proceedings at the time of sentence that the trial judge did not specifically find that defendant had suffered *three prior* convictions of felonies with *confinements in the penitentiaries* resulting therefrom.

The information contains allegations of four prior convictions. The first was on March 11, 1922, in the Superior Court of Merced County, California, for the crime of receiving stolen property. There is no allegation that defendant served a term in any prison or penitentiary in punishment of this offense.

The second conviction occurred on August 1, 1925, in Klamath County, Oregon, for the offense of obtaining property by false pretenses. It was alleged that he served a term in a state prison therefor.

The third conviction was alleged to have occurred October 10, 1926, in the Superior Court of San Joaquin County, California, when he was convicted of a felony, described as passing fictitious checks. It is alleged that he served a term in the state prison as punishment for this offense.

The fourth conviction occurred on May 11, 1932, in Pierce County, Washington, where he was convicted of forgery. He served a term in the state prison for this offense.

When defendant first entered his plea he admitted having suffered three prior convictions charged in the information. Owing to the fact that four are alleged there might have been some confusion as to the convictions admitted were it not for the fact that it appears that all parties agreed in the trial court that the convictions admitted by defendant

536

were (1) that of August 1, 1925, in Klamath County, Oregon; (2) that of October 10, 1926, in San Joaquin County, California; and (3) that of May 11, 1932, in Pierce County, Washington, in each of which it is alleged and admitted that defendant was punished by imprisonment in a state prison. ■ The allegation of the conviction of receiving stolen property on March 11, 1922, does not contain an allegation that defendant was imprisoned for this offense. This renders this charge insufficient to be considered in determining him an habitual criminal. (*People* v. *Dawson,* 210 Cal. 366 [292 Pac. 267]; *People* v. *Arnest,* 133 Cal. App. 114 [23 Pac. (2d) 812]; *People* v. *Vaile,* *(Cal. App.) [25 Pac. (2d) 993]; *In re Fontino,* 135 Cal. App. 466 [27 Pac. (2d) 413].) However, this allegation was attached to and made a part of that portion of the information in which defendant was accused of being an ex-convict and it may be fairly construed as an attempt to allege his status as an ex-convict rather than to allege a prior conviction and imprisonment to bring him under the terms of the Habitual Criminal Act (sec. 644, Pen. Code). With this interpretation the information alleged three prior convictions with resulting terms served in state prisons or penitentiaries.

Appellant urges that the conviction of the offense of obtaining property by false pretenses in Klamath County, Oregon, was not necessarily a felony and cannot be considered in determining that he was an habitual criminal. He maintains that under the Oregon statute the offense of obtaining property of a value less than two hundred dollars by false pretenses is made a felony, while in California this offense involving property of a value of less than such sum would amount to a misdemeanor only. ■ Under the provisions of section 668 of the Penal Code, where a defendant has been convicted under the laws of another state, the effect of such a conviction on the question of his being an habitual criminal must be measured by the punishment to be imposed in California for the offense. ■ If it appeared from the record that the value of the property obtained in Oregon was less than two hundred dollars the offense would have to be regarded as a misdemeanor in de-

*REPORTER'S NOTE: A hearing was granted by the Supreme Court in the case of *People* v. *Vaile* on March 1, 1934.

termining whether or not defendant was an habitual criminal. There is nothing in the record to support the assumption that the value of the property obtained in Oregon was less than two hundred dollars and we are not authorized to go outside of the record to determine the question. Defendant was charged in the information with having been "on or about August 1, 1925, in a court of competent jurisdiction in Klamath County, Oregon, convicted of a felony, to-wit: Obtaining property by false pretenses, and served a term in a state prison therefor." He admitted these allegations in his plea and under the provisions of section 1025 of the Penal Code this is sufficient to support the finding and judgment of the trial court that in this instance he had suffered the conviction of a felony under the terms of section 668 of the Penal Code and had served a term in the state prison.

It was admitted in the trial court, and is conceded by the attorney-general, that the crime of passing fictitious checks is not one of the offenses described in section 644 of the Penal Code upon which a judgment finding the defendant an habitual criminal can be based. Eliminating this offense it leaves defendant with two prior convictions of offenses which are described in section 644 of the Penal Code upon which a judgment of being an habitual criminal can be based. Where the defendant has suffered but two prior convictions with resulting terms served in a state prison or penitentiary, the term of imprisonment is for his natural life with no right of parole for twelve years. Where there are three such prior convictions the punishment fixed is imprisonment for life without the right of parole. The judgment appearing in the clerk's transcript recites that defendant had suffered three prior convictions, which if enforced would require him to remain in the penitentiary for the remainder of his life without right of parole. This portion of the judgment is erroneous as it is apparent that defendant suffered but two prior convictions and imprisonments which can be considered and that defendant should be entitled to apply for parole after having served twelve years. Under authority of *People* v. *Arnest, supra,* and *People* v. *Vaile, supra,* that portion of the judgment finding defendant an habitual criminal with three prior convictions should be reversed and the balance of the judgment should be affirmed. Under the authority of the cases just cited

defendant must be returned to the Superior Court of Fresno County and resentenced. The judgment should find that he is an habitual criminal who had suffered two prior convictions of felonies with resulting terms in state prisons or penitentiaries.

That portion of the judgment finding defendant guilty as charged in the information is affirmed.

That portion of the judgment finding that defendant had suffered three prior convictions of felonies with terms served in state prisons or penitentiaries on each is reversed with instructions to the trial court to have defendant returned to that court and thereupon have judgment pronounced upon him in accordance with the views herein expressed.

Barnard, P. J., and Jennings, J., concurred.