[Crim. No. 2608. Second Appellate District, Division One.—December 14, 1934.]

THE PEOPLE, Respondent, v. GEORGE E. HAYES, Appellant.

John F. Groene for Appellant.

U. S. Webb, Attorney-General, and Bayard Rhone, Deputy Attorney-General, for Respondent.

YORK, J.—In a second amended information, the defendant was charged with grand theft from the person, together with four prior convictions of felonies. Defendant admitted the prior convictions and by verdict of the jury was found guilty as charged in the information. He now appeals from the judgment of conviction and from the order denying his motion for a new trial. Apparently the main points involved in this appeal are: (1) Whether or not defendant as a matter of right was entitled to have the proceedings against him dismissed under Penal Code, section 1382, subdivision 2; and (2d) whether the judgment sentencing him to life imprisonment was proper.

Penal Code, section 1382, subdivision 2, reads as follows: "The court, unless good cause to the contrary is shown, must order the prosecution to be dismissed in the following cases: . . .

"2. If a defendant, whose trial has not been postponed upon his application, is not brought to trial within sixty

days after the finding of the indictment, or filing of the information.''

It appears from the record that an information was filed on April 18, 1934, charging defendant with grand theft from the person, and on April 25, 1934, an ''amended information'' was filed charging defendant with the same crime as set out in the original information, and in addition four prior convictions of felonies. On April 27th a plea of not guilty to the amended information and not guilty of the prior convictions·was entered and the case was set for trial for May 23, 1934. On the latter date, when the case was called for trial, a ''second amended information'' was filed. This amended information differs from the first amended information in that the dates of the convictions of two of the prior felonies were changed and an allegation as to one felony was added to the effect that defendant had served a term of imprisonment therefor. The defendant was arraigned on the day the second amended information was filed and entered a plea of not guilty and denied the prior convictions, whereupon the trial of the case was continued to June 25, 1934, ''for the reason that the defendant's counsel is actually engaged in trial of another case''. On June 25, 1934, when the case was called for trial and the jury sworn, the defendant moved to dismiss the case on the ground he had not been brought to trial within sixty days of the filing of the information, which motion was denied.

When the trial was continued from May 23d to June 25th, the following took place:

''The Court: (Reading) 'The Court: Well, Mr. Sanson says he can't, obviously, try the case that day, and asks that it go over for trial.' Then there is a discussion as to how long, and the court says: 'We can set it on the 15th unless that is the day you are actually leaving. Mr. Sanson: There is the Perry Gonzales trial that day in Department 43. The Court: When will you return? Mr. Sanson: June 15th. Under the circumstances ·I will leave it to you to put it where you think best to everyone's satisfaction. I will take care of it myself or have someone else do it. The Court: How long will you be gone? Mr. Sanson: One week, to June 25th. The Court: June 25th, is that satisfactory? Mr. Broker: Yes, your Honor. The Court: Do you waive the statutory time? Mr. Sanson: I

do. Are you satisfied to have your trial June 25th?'— apparently referring to the defendant—'The Defendant: I would prefer to have the trial as soon as possible. Mr. Sanson: Are you satisfied, however, to have it tried on that day? The Defendant: If I can't save time, I would like to finish it up. The Court: Let's see whether it passes the statutory period. Mr. Sanson: April 4th he was held to answer. The Court: He pleaded on the 27th. Mr. Sanson: He pleaded on the 27th of April.' Of course, at that time this amended information had not been filed. 'The Court: I take it, so long as we bring it to trial prior to June 27th we are within the statute? Mr. Sanson: I think that is true. The Court: In any event, the record shows the continuance is at the request of the defendant, to suit his convenience and necessity. June 25th; all witnesses in the case, —and so forth.''

It seems to us that the continuance was a reasonable one under the circumstances as outlined. The defendant was being defended by a deputy public defender, who was actually engaged in the trial of a case; the second amended information was filed on the day of arraignment and the day upon which the court granted the continuance. It is true that the defendant stated at the time the case was continued to June 25th, that he preferred to have the trial as soon as possible and that if he could not save time, he would like to finish it up, but he made no direct objection to the continuance to June 25th, and no objection when his attorney waived the statutory time within which he should be tried. We believe this amounted to an acquiescence by the defendant and that there was no error on the part of the trial judge in denying the motion to dismiss.

 The appellant contends that the court erred in sentencing him to prison ''for the term of his natural life'' and adjudging him ''to be an habitual criminal'', and urges that the verdict fixes the punishment, and the number of prior convictions also fixes the definite punishment and sentence, but that the court is without power to fix the punishment definitely in the judgment.

The complaint charged defendant with four prior convictions and imprisonments in state prisons as follows: (Indiana) assault and battery to commit robbery; (Tennessee) robbery from the person; (Louisiana) larceny from the

person; (Illinois) larceny. Appellant admits that "larceny from the person" is grand larceny both in Louisiana and in California. Appellant contends that "robbery from the person" is not a crime in California. It is "robbery" both in Tennessee and in California.

"Assault and battery to commit robbery" is a felony in Indiana. In California it is a felony, because necessarily it is an attempt to commit robbery, punishable as provided in Penal Code, section 664, subdivision 1. But it is not one of the list of crimes specified in Penal Code, section 644, whereof prior conviction may be counted as part of the foundation for adjudging that the offender is an habitual criminal.

Larceny in Illinois is grand larceny if the property stolen exceeds the value of $15, or if the property is stolen from the person of another. But the California law is different in this, that in California the value test is that the property in order to make the offense grand theft must be of a value to exceed $200. (Penal Code, sec. 487.) The mere proof that a person in the state of Illinois was convicted of larceny is not proof that the value of the property stolen was more than $200, nor is it proof that there was any larceny by taking from the person of another. Therefore in this case there is no evidence that there was any conviction of the defendant of the crime of grand theft committed in Illinois, so as to bring the present case within the provisions of sections 644 and 668 of the Penal Code of California.

From the foregoing we conclude that the defendant herein was shown to have been formerly convicted of only two offenses coming within the provisions of section 644 of the Penal Code, viz.: grand larceny in the state of Louisiana and robbery in the state of Tennessee. It follows that, although the Illinois offense and the Indiana offense may not be counted against the defendant, the court did not err in its judgment that the defendant is an habitual criminal. But he is punishable only as such criminal who has been only twice previously convicted of the offenses mentioned in Penal Code, section 644,—that is to say, one conviction of grand larceny and one conviction of robbery.

While the actual sentence pronounced against the defendant is verbally correct, its interpretation is dependent upon

the recitals contained therein concerning the prior convictions. In *People* v. *Shaw*, 137 Cal. App. 533 [30 Pac. (2d) 1031], in dealing with a somewhat similar situation, the Fourth District Court of Appeal took note of the fact that where the defendant has suffered but two prior convictions of these crimes, with resulting terms served in a state prison, the term of imprisonment is for his natural life with no right of parole for twelve years; whereas, with three such prior convictions the punishment is for ''not less than life'', without any right of parole. It appearing that the judgment recited that the defendant had suffered three prior convictions, whereas he had in fact suffered only two prior convictions and imprisonment which could be considered in determining the right of parole under section 644 of the Penal Code, the court held that the portion of the judgment finding the defendant an habitual criminal with three prior convictions should be reversed and the balance of the judgment should be affirmed. Following the practice indicated in that decision the following order is now made:

That portion of the judgment which rests upon the verdict convicting the defendant of grand theft from the person, a felony, as charged in the second amended information is affirmed. That portion of the judgment finding or reciting that the defendant had suffered the four prior convictions of felonies with terms served in a state prison for each of said prior convictions is reversed, with instructions to the trial court to cause defendant to be returned into that court, and thereupon pronounce judgment upon him in accordance with the views herein expressed. The order denying defendant's motion for a new trial is affirmed.

Conrey, P. J., and Houser, J., concurred.