[Crim. No. 2040. First Appellate District, Division One.—August 8, 1939.]

THE PEOPLE, Respondent, v. OFFEY LOUVIERE, Appellant.

Fred D. Goss for Appellant.

U. S. Webb, former Attorney-General, Earl Warren, Attorney-General, and William F. Cleary, Deputy Attorney-General, for Respondent.

WARD, J.—Appellant was convicted by a jury of the crime of rape upon his ten-year-old stepdaughter. The appeal is upon the insufficiency of the evidence to justify the verdict,

and upon errors of law, namely, the misconduct of the district attorney in the making of certain remarks during the presentation of the evidence and the argument, the refusal of the trial court to instruct the jury to disregard the alleged prejudicial statements, the refusal to give an instruction covering lesser offenses, and the order, after the verdict of the jury, directing the filing of an amended information containing a prior conviction.

 The transcript of evidence contains a detailed recitation by the stepdaughter of the first act of sexual intercourse with the appellant and references to many subsequent repetitions of the act, plus an admission by appellant that "he was not the first one" who had had sexual intercourse with the child. The defense consisted of a denial of the act, a statement that the minor was a "masturbator", and statements that the mother of the girl had originally persuaded the child to communicate the story by mail to a grandmother in Texas, who reported the facts to the authorities. Subsequently the mother was adjudged insane and during the trial was confined in a state hospital. Certain medical testimony was introduced indicating that an act or acts of sexual intercourse had been performed upon the child. The evidence presented by the state was sufficient to justify a conviction. The case of *People* v. *Hamilton,* 46 Cal. 540, citing *People* v. *Benson,* 6 Cal. 221 [65 Am. Dec. 506], stressed by appellant, is not evidentially a counterpart of the instant case. In the present case an admission against interest supported the theory of the prosecution.

 The district attorney, after eliciting the facts from the child, asked whether she had told the truth, and in substance inquired whether she knew that, regardless of her telling or not telling "all this" about her stepfather she would go back to her grandmother in Texas, where she was particularly anxious to be. At another point the district attorney made the statement that "a great deal of what the defendant has injected into this is hearsay". During the argument the district attorney seems to have veered slightly from the record, but we can find nothing indicating that the statements prejudiced the jury against the defendant, or even that the district attorney was appealing to the passion of any individual juror or to that of the jury collectively. If there was no prejudicial misconduct in the statements, there was no

error in the refusal of the court to admonish the jury to disregard such statements.

Appellant complains of the refusal to give a requested instruction covering lesser offenses. In *People* v. *Chavez,* 103 Cal. 407, 408 [37 Pac. 389], cited by appellant, the court said: "For while it may be conceded that an assault with intent to commit rape, as well as a simple assault, are included in the offense here charged, still if there was no evidence tending to reduce the offense from that charged in the information, the court was entirely justified in refusing to give the instruction requested." In that opinion the court also said, and we adopt such language as applicable to this case: "Upon an examination of the record we think the court committed no error in refusing the instruction asked." Appellant was, under the evidence in this case, either guilty of the crime charged or not guilty.

After the jury had returned the verdict, there was filed by order of the court an amended information charging a prior conviction. The trial court erred in ordering this information filed (*People* v. *Houston,* 24 Cal. App. (2d) 170 [74 Pac. (2d) 517]), but this does not require a reversal of the judgment.

The judgment is hereby modified by deleting all reference to such prior conviction (Pen. Code, sec. 1260), and the trial court is directed to change its records to conform to the modified judgment. As modified, the judgment is affirmed.

Peters, P. J., and Knight, J., concurred.