[Crim. No. 5503.   In Bank.   Sept. 25, 1953.]

THE PEOPLE, Respondent, v. LEON CLIFTON MORTON, Appellant.

George Nye, Public Defender, and Rudolf H. Michaels, Assistant Public Defender, for Appellant.

Edmund G. Brown, Attorney General, and David K. Lener, Deputy Attorney General, for Respondent.

TRAYNOR, J.—Defendant was convicted of three counts of burglary of the first degree and one count of attempted burglary of the first degree, for which he was sentenced to serve consecutive terms. He was also adjudged an habitual criminal under Penal Code, section 644(a). He appeals from that part of the judgment adjudging him an habitual criminal, and from the order denying his motion for a new trial on the issue of the alleged second prior conviction.

The appeal is presented by stipulation on a reporter's transcript limited substantially to the evidence relating to the alleged second prior conviction. The information alleged that defendant was convicted in February 1950, "of a felony, to wit, housebreaking and larceny," and had served a term in the Tennessee State Penitentiary pursuant to such conviction. To prove this conviction, the People introduced into evidence,

over the objection of defendant, a fingerprint record card certified to be from the files of the Tennessee State Penitentiary. This card contained the fingerprints of a person who had served a term in that penitentiary for a crime designated by the abbreviation "HBL." Lawrence Waldt, a sergeant of the sheriff's office of Alameda County, and an expert in fingerprint identification, testified that the fingerprints on the card matched those of defendant taken the previous day. The sergeant was then asked if he was familiar with the "abbreviations used by criminologists and the police, the F.B.I., for various crimes. . . ." He replied that he was familiar "to some extent." To the further question whether he was familiar with the abbreviation "HBL" he replied: "The Federal Bureau of Investigation puts out a Bulletin of Standardized Abbreviations, and 'HB' is, as near as my memory stands, correct for the abbreviation for housebreaking, and 'L' is the desired abbreviation for larceny." On cross-examination, Sergeant Waldt admitted that he did not know the elements of the offense or offenses designated by the initials "HBL," as those elements are defined in the laws of Tennessee. This evidence was all that was introduced by the People to sustain the allegation that defendant had suffered a second prior conviction "of a felony, to wit, housebreaking and larceny. . . ."

A sentence of life imprisonment, which follows an adjudication that the defendant is an habitual criminal, is a serious one. The People must prove the alleged prior convictions beyond a reasonable doubt. (See *In re McVickers*, 29 Cal.2d 264, 278 [176 P.2d 40]; *In re Lamey*, 85 Cal.App. 2d 284, 289 [193 P.2d 66]; and cases there cited.) If the convictions were suffered in other states for offenses that go by different names from those in California, the People must prove that the minimum elements of the foreign offense are substantially similar to the minimum elements of one of the offenses enumerated in Penal Code, section 644(a). (*In re McVickers, supra*, 29 Cal.2d 264, 267; *In re Wolfson*, 30 Cal. 2d 20, 23 [180 P.2d 326].)

Defendant admits the first prior conviction alleged in the information. With respect to the alleged second prior conviction, he admits that the fingerprints on the record card introduced by the People are his, and that he served a term in the Tennessee State Penitentiary. He contends, however, that the evidence introduced at the trial was insufficient to prove

a second prior conviction of one of the felonies enumerated in Penal Code, section 644(a).

■ The fingerprint record card from the Tennessee State Penitentiary showing defendant's imprisonment was properly admitted in evidence under Penal Code, section 969b.[1] The controlling question is whether that card and the testimony of the sergeant from the sheriff's office are sufficient to prove that defendant had suffered the alleged second prior conviction. We have concluded that they are not.

■ Although there is no deficiency in the type of document introduced by the People, there is a deficiency in the information it contains. It does not show the offense for which defendant was convicted. It merely shows an entry that defendant was convicted of an offense that an official of the Tennessee State Penitentiary indicated by the initials "HBL." These initials are in no way explained by Tennessee authorities. The People rely, instead, on the testimony of a sergeant of the sheriff's office who admitted that he did not know the elements of the offense or offenses designated by the initials "HBL," as those elements are defined in the laws of Tennessee. His testimony showed only that, "as near as my memory stands," in the Federal Bureau of Investigation's "Bulletin of Standardized Abbreviations" the initials "HB" stand for housebreaking, and the initial "L" for larceny. Such a system of abbreviation might be used by the Federal Bureau of Investigation, or by the police of California and other states, but proof of that fact is inapposite as proof of the meaning of these initials on the card in question unless it is also shown by competent evidence that this system of abbreviation is in use in the Tennessee State Penitentiary. It does not strain the imagination to identify several other possible charges with the initials "H," "B," and "L."[2] Furthermore, there is nothing to indicate that the initials stand for a single offense, "housebreaking with intent to commit larceny," as the People contend, rather than two or three separate offenses. ■ If the information contained in the records of foreign penal institutions in which a de-

---

[1] Penal Code, section 969b provides that prima facie evidence of prior convictions and imprisonment can be established by ". . . the records or copies of records of any state penitentiary, . . . in which such person has been imprisoned, when such records or copies thereof have been certified by the official custodian of such records. . . ."

[2] E.g., habitual criminal, harboring, house of ill fame, bigamy, blackmail, bookmaking, bribery, burglary; lewdness, lascivious conduct, libel, lottery.

fendant was imprisoned does not make clear the nature of his offense, it does not seem unreasonable to require the People to ascertain the particular statute that the defendant violated, or to obtain a certified copy of the judgment of conviction for the purpose of proving the elements of the .offense in question.

Since the evidence is insufficient to support the finding of the trial court that defendant suffered the alleged second prior conviction, the question arises as to the order that should now be made by this court. The precedents are conflicting:

(1) In some cases the order reversed the entire judgment and remanded the cause for a new trial on all issues, including the charge of the primary offenses as well as that of the prior convictions. (*People* v. *Nicholson* (1939), 34 Cal.App.2d 327 [93 P.2d 223]; *People* v. *Richardson* (1946), 74 Cal.App. 2d 528 [169 P.2d 44]; *cf. People* v. *Ysabel* (1938), 28 Cal. App.2d 259, 263 [82 P.2d 476].)

(2) In other cases, the order was similar to (1) above, but specified a period of time within which the district attorney could apply for an order dismissing the charge based on the challenged prior convictions. If the application were made and granted, the trial court was directed to resentence the defendant on the basis of the primary offenses of which he was found guilty and any unchallenged prior convictions. If no application were made, or if it were made and denied by the trial court, the court was directed to grant a new trial on all issues. (*People* v. *Carrow* (1929), 207 Cal. 366 [278 P. 857]; *People* v. *Chadwick* (1906), 4 Cal.App. 63 [87 P. 384, 389].)

(3) In certain cases the order set aside the finding that the defendant suffered the challenged prior conviction. In some of these cases the judgment was modified by vacating the adjudication that the defendant was an habitual criminal, and in others the cause was remanded for resentencing on the basis of the primary offenses of which the defendant was found guilty and any unchallenged prior convictions. (*People* v. *Eppinger* (1895), 109 Cal. 294 [41 P. 1037]; *People* v. *Murray* (1940), 42 Cal.App.2d 209 [108 P.2d 748]; *People* v. *McChesney* (1940), 39 Cal.App.2d 36 [102 P.2d 455]; *People* v. *Lohr* (1938), 28 Cal.App.2d 397 [82 P.2d 615]; *People* v. *Morrison* (1938), 26 Cal.App.2d 616 [80 P.2d 94]; *People* v. *Pace* (1934), 2 Cal.App.2d 464 [38 P.2d 202]; *People* v. *Shaw* (1934), 137 Cal.App. 533 [30 P.2d 1031];

*People* v. *Arnest* (1933), 133 Cal.App. 114 [23 P.2d 812]; *People* v. *Wagner* (1926), 78 Cal.App. 503 [248 P. 946]; *People* v. *Foster* (1934), 3 Cal.App.2d 35 [39 P.2d 271]; *People* v. *Hayes* (1934), 3 Cal.App.2d 59 [39 P.2d 213]; *People* v. *d'A Philippo* (1934), 220 Cal. 620 [32 P.2d 962].)

(4) In other cases the order was similar to (3) above but also remanded the cause for a new trial on the issue of the challenged prior conviction. (*People* v. *Willison* (1931), 116 Cal.App. 157 [2 P.2d 543]; *People* v. *Darling* (1932), 120 Cal.App. 453 [7 P.2d 1094].)

Orders of types (1) and (2) above have been justified[3] on the ground that the prior conviction charged is one of the issues in the trial for the new offense and should be passed upon by the same jury that passes on the question of guilt of the new offense. Thus, in *People* v. *Nicholson, supra,* 34 Cal.App.2d 327, 333, the court said: "The proving of such prior convictions is a statutory proceeding and since the amendment of section 969a of the Penal Code in 1931, there is no statutory authorization for passing upon the question as to whether such convictions have been suffered other than in connection with the new offense charged and by the same jury. (*People* v. *Ysabel,* 28 Cal.App.2d 259 [82 P.2d 476] [1938].)" This reasoning is erroneous insofar as it requires a new trial on all issues in cases where on appeal the error found is confined to the prior conviction charge. The court in the Nicholson case adopted an argument made in *People* v. *Ysabel, supra,* but the latter case was not in point. The controlling question there was the propriety of the trial court's action in pronouncing judgment on the primary offense and ordering the defendant Ysabel held for further trial on the prior conviction charges after discharging the jury, which found the defendant guilty of the primary offenses charged but could not agree on the prior conviction charges. Upon retrial, before a different judge, the court entered an order granting defendant Ysabel's motion to "dismiss all further proceedings." The order was affirmed on appeal. The appellate court reasoned that Penal Code, section 969a, as amended in 1931 (Stats 1931, p. 1060), indicated a legislative purpose to have prior conviction charges considered only in

---

[3]The order in *People* v. *Chadwick, supra,* was given without any discussion of alternatives or citation of authority, and the procedure adopted there was followed in *People* v. *Carrow, supra.* In *People* v. *Richardson, supra,* there was no alternative to a new trial on all issues since the reviewing court found errors in the proof of the primary offenses as well as in that of the prior convictions charged.

connection with the primary offenses charged. The 1931 amendment to section 969a deleted a provision permitting the filing, at any time after judgment and before sentence had expired, of a supplemental indictment or information to charge newly discovered prior convictions. As amended, the statute relates only to the amendment of a pending indictment or information to add new prior conviction charges before verdict (*People* v. *Houston* (1937), 24 Cal.App.2d 170 [74 P.2d 517]; *People* v. *Louviere* (1939), 34 Cal.App.2d 62 [93 P.2d 179], and all charges made before that time would of course be tried by the same jury that tried the primary offenses charged. ▪ The legislative purpose expressed in the section, and in the 1931 amendment, was to fix a time after which no further charges could be made. The section has no bearing on the procedure to be followed on appeal when the evidence is found insufficient to support a finding that there was a prior conviction.

▪ When the sole question on remand from an appellate court involves the proof of an alleged prior conviction, there is no reason to require the parties to retry the question of guilt of the primary offenses when the correctness of the determination of this question is not challenged by either party. There is nothing prejudicial involved in a limited new trial on the issue of the challenged prior conviction by a jury different from that which tried the issue of guilt of the primary offenses. That issue and the proof of prior convictions are clearly severable. (*In re McVickers, supra; In re Seeley,* 29 Cal.2d 294 [176 P.2d 24]; *People* v. *Carrow, supra.*) ▪ Proof of prior convictions or the adjudication that the defendant is an habitual criminal does not involve substantive offenses, but merely provides for increased punishment of those whose prior convictions fall within the scope of these statutes. (*In re McVickers, supra,* 29 Cal.2d 264, 270-271, and references cited there.) The important relation between the primary offenses and the prior convictions charged is, therefore, the sentence to be imposed, and the jury does not participate in that.

▪ In most of the cases where orders of type (3) were given, a new trial limited to the issue of the alleged prior conviction could not cure the defect in proof because the offense for which the conviction was suffered was not one of those enumerated in Penal Code, section 644 (*People* v. *Morrison, supra; People* v. *Shaw, supra; People* v. *Lohr, supra; People* v. *Pace, supra; People* v. *d'A Philippo, supra;*

*People* v. *McChesney, supra*), or the prior convictions were not alleged in the information (*People* v. *Murray, supra*; *People* v. *Wagner, supra*) or the allegation was defective (*People* v. *Arnest, supra*), or the jury did not make the specific finding required by Penal Code, section 1158 (*People* v. *Eppinger, supra*). In such cases an order of type (3) was proper. In two of these cases (*People* v. *Hayes, supra*; *People* v. *Foster, supra*), however, it might have been possible to cure the defective proof on a retrial, but there was no suggestion of a limited new trial on the issue of the challenged prior conviction in either of them.

In urging that the order should follow type (3) above, defendant, relying on *In re McVickers, supra*, and *In re Seeley, supra*, contends that had he not appealed but waited instead for the judgment to become final and then petitioned for habeas corpus, that part of the judgment adjudging him an habitual criminal would have been nullified and there would have been no new trial on the issue of the alleged second prior conviction, whereas if this court now orders a new trial on that issue he will be penalized for having appealed. The cases on which defendant relies do not support his contention. They decided that "a petitioner may . . . secure relief in habeas corpus from an erroneous adjudication of habitual criminal status where the facts . . . show that as a matter of law the prior conviction is of a crime which does not meet the definition of an offense included in said section 644." (*In re Seeley, supra*, 29 Cal.2d 294, 299.) Those cases did not decide that habeas corpus is available to review the sufficiency of the evidence to support a finding that a petitioner had suffered a prior conviction, nor did they decide that a new trial would be improper if a defect in proof were found that would be amenable to correction on retrial.

In the two cases giving orders of type (4), the defects in the proof of the prior convictions were capable of correction on a retrial. (*People* v. *Willison, supra*; *People* v. *Darling, supra*.) In both cases, the appellate court reversed the judgment and the order denying the defendant's motion for a new trial insofar as they related to the challenged prior convictions. This procedure is the proper one. It carries out the policy of the statutes imposing "more severe punishment, proportionate to their persistence in crime, of those who have proved immune to lesser punishment" (*In re McVickers, supra*, 29 Cal.2d 264, 270), and prevents defendants from escaping the penalties imposed by those statutes

through technical defects in pleadings or proof. It affords the defendant a fair hearing on the charge, and if it cannot be proved he will not have to suffer the more severe punishment.

Defendant was sentenced to serve consecutive terms on the four primary counts of which he was found guilty. Since "it cannot be assumed that the court disregarded any portion of the verdict in fixing the term of imprisonment . . . " (*People* v. *Chadwick, supra,* 4 Cal.App. 63, 74), it cannot be said that the finding that defendant had suffered two prior convictions did not influence the trial court in sentencing defendant to consecutive rather than concurrent terms. Defendant should, therefore, be resentenced after the conclusion of the limited new trial on the issue of the challenged prior conviction.

That part of the judgment adjudging defendant an habitual criminal and imposing sentence and the order denying defendant's motion for a new trial on the issue of the alleged second prior conviction are reversed, and the cause is remanded to the trial court with directions to resentence defendant after the conclusion of the limited new trial.

Gibson, C. J., Shenk, J., Carter, J., and Schauer, J., concurred.

Edmonds, J., and Spence, J., concurred in the judgment.