Filed 9/8/25  P. v. Coleman CA1/5
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>DANNIELLE HEATHER COLEMAN,<br><br>        Defendant and Appellant. | A171186<br><br>(San Mateo County<br>Super. Ct. No. 19NF011540A) |

Defendant Dannielle Heather Coleman appeals a judgment following her plea of no contest to possession of methamphetamine for sale.  The trial court sentenced her to two years of supervised probation.  Coleman argues that her sentence is unauthorized because she did not orally plead no contest to the methamphetamine charge in open court.  We disagree and affirm.

## I.  BACKGROUND

In January 2020, the People filed a felony information charging Coleman with possession of methamphetamine for sale.  (Health & Saf. Code, § 11378.)  She initially pled not guilty.

In June 2024, the trial court called the case for trial.  Coleman appeared and her counsel informed the court that Coleman wanted to retain private counsel.  The court denied the request as untimely and asked

1

Coleman if she was prepared to go to trial that afternoon. She responded that she did not want to go to trial and would "accept the [pretrial] offer." The court passed the matter so that Coleman could speak with her counsel. The court later recalled the case and asked the parties how they would like to proceed. Coleman's counsel responded, "[i]t's my understanding that [Coleman] wants to go ahead with a People versus West[1] plea to the charge." He then presented the court with a no contest plea form signed by Coleman. The court asked Coleman if she had an opportunity to review this plea form with her counsel and she responded, "[y]es."

The trial court then asked Coleman whether she understood that "[i]f" she entered "a People v. West plea," she would be found guilty of the offense (provided the prosecution "state[d] sufficient facts") and would be waiving her right to a jury trial. The court continued that this included a waiver of her "right to confront and cross-examine any witnesses called against [her]" as well as her right to testify or remain silent at trial. Coleman replied, "[y]es." The court then asked Coleman if it was her understanding that she would receive "two years felony probation, 60 days in the county jail" as an "outcome of a finding of guilty" and she again replied, "[y]es."

After the prosecution provided a factual basis for the plea, the trial court found Coleman "guilty pursuant to People v. West," suspended the imposition of sentence, and placed her on two years of supervised probation. Coleman timely appealed.

## II. DISCUSSION

Coleman argues that reversal is warranted because although she

---

[1] *People v. West* (1970) 3 Cal.3d 595, 611 [trial court "may accept a bargained plea of guilty or nolo contendere to any lesser offense reasonably related to the offense charged in the accusatory pleading," italics omitted].

signed a written plea agreement, "she never orally made that plea in open court." She contends that this omission violated Penal Code[2] section 1018, which provides that "[u]nless otherwise provided by law, every plea shall be entered or withdrawn by the defendant himself or herself *in open court*." (Italics added.) We are unpersuaded and find that the record establishes substantial compliance with section 1018.

" 'Where a reasonable attempt has been made to comply with a statute in good faith, . . . the doctrine of substantial compliance holds that the statute may be deemed satisfied.' . . . 'Substantial compliance means " '*actual* compliance in respect to the substance essential to every reasonable objective of the statute,' as distinguished from 'mere technical imperfections of form.' " ' " (*People v. Green* (2004) 125 Cal.App.4th 360, 371.) The doctrine of substantial compliance applies to section 1018. (See *People v. Reeves* (1966) 64 Cal.2d 766, 772 [trial court did not err in accepting a plea where there was "sufficient compliance" with section 1018].)

This aligns with the text of section 1018 itself, which states that "[t]his section shall be *liberally construed* to effect these objects and to promote justice." (Italics added.) Indeed, "[t]he purpose of the requirement that a plea be entered by defendant personally is to ensure that the plea is his own. If it is, the purpose of that requirement is accomplished." (*In re Martinez* (1959) 52 Cal.2d 808, 815.) "The nature of the right provided by . . . section 1018 is not such that the plea must be expressed in person under any and all circumstances." (*People v. Gibbs* (1961) 188 Cal.App.2d 596, 599–600 (*Gibbs*).) To that end, section 1018 is satisfied "if the defendant 'authorized or adopted counsel's statement of his plea.' " (*People v. Martin* (1964) 230

---

[2] All further statutory references are to the Penal Code unless otherwise noted.

Cal.App.2d 62, 63.)

That is what occurred here. Coleman initially told the trial court, "I don't want to go to trial. *I will accept the offer*." (Italics added.) After her counsel spoke to her during a break, he stated in open court that Coleman wanted to proceed with a *People v. West* (no contest) plea. Coleman had signed a no contest plea form and acknowledged in open court that she had reviewed it with her counsel. The court then proceeded to ask Coleman a series of questions, including whether she understood she would be waiving her right to a jury trial—which included her right to confront witnesses and testify—and whether she understood that she would receive two years of probation if found guilty pursuant to the plea. Coleman replied yes to each question and did not voice any disagreement with her counsel's statement regarding her plea. Accordingly, the record "does not permit any other conclusion than that [she] did consent to, and adopt, [her] counsel's statement of [her] plea[ ]." (*Gibbs*, *supra*, 188 Cal.App.2d at p. 601.) Section 1018 was therefore satisfied.

Coleman's attempt to distinguish the cases cited by the People is unavailing. For example, Coleman argues that unlike here, the trial court in *People v. Niendorf* (1961) 197 Cal.App.2d 594, 597, asked the defendant, " 'you understand the nature of the charge that is involved, *so that you understand the nature of the plea that you have made*?' " Although the court here did not ask Coleman whether she understood the nature of her plea, it did ask her *in greater detail* whether she understood the implications of her plea—including the various rights she would be giving up and the sentence she would be receiving. From Coleman's affirmative responses to the court's questions, it is clear that she agreed with her counsel's statement that she would be entering a *People v. West* plea and understood the nature of that

4

plea.  We therefore see no practical difference between the colloquies in *Niendorf* and this case.

Coleman also points to *People v. Manriquez* (1922) 188 Cal. 602, 605, a case in which our high court found that the defendant's "direct and explicit confession of guilt," which immediately followed his counsel's announcement of his guilty plea, "was properly received by the [trial] court and entered as the plea."  As Coleman correctly observes, she "made no such explicit confession of guilt in open court."  But unlike the defendant in *Manriquez*, Coleman did not plead guilty and therefore would have had no reason to confess her guilt in open court.  In any event, her implicit consent to and adoption of her counsel's statement that she would be entering a *People v. West* plea establishes substantial compliance with section 1018 notwithstanding her failure to admit guilt.

### III.  <u>DISPOSITION</u>

The judgment is affirmed.


CHOU, J.


WE CONCUR.

JACKSON, P. J.
SIMONS, J.



A171186/ *People v. Coleman*

5