[Crim. No. 3726.   First Dist., Div. One.   May 31, 1960.]

THE PEOPLE, Respondent, v. GEORGE BURNS, Appellant.

Robert M. Brilliant, under appointment by the District Court of Appeal, for Appellant.

Stanley Mosk, Attorney General, Arlo E. Smith and Edward P. O'Brien, Deputy Attorneys General, for Respondent.

TOBRINER, J.—Convicted of two felonies in California, and admitting, in the Superior Court of Alameda County, four charged prior out-of-state felony convictions, appellant claims that his adjudication as an habitual criminal fails upon the record's lack of proof that the foreign offenses would have been felonies in California had the acts been committed here, as required by section 668 of the Penal Code. The judicial notice which we may take of the laws of sister states and an analysis of their provisions dispose of appellant's contentions. (*In re McVickers* (1946), 29 Cal.2d 264, 278 [176 P.2d 40]; Code Civ. Proc., § 1875, subd. (3); Pen. Code, § 1102.)

On April 27, 1959, the district attorney of Alameda County filed an information accusing the appellant of having committed three felonies on March 26, 1959, within the city of Oakland: burglary of the first degree, and two counts of assault with a deadly weapon. This pleading also alleged that appellant had been convicted (1) "the 15th day of December, 1928 . . . in . . . Michigan . . . of a felony, to wit, Larceny from the person . . ."; (2) "the 22nd day of September, 1934 . . . in . . . Ohio . . . of a felony, to wit, Burglary . . ."; (3) "the 2d day of August, 1939 . . . in . . . Michigan . . . of a felony,

to wit, Breaking and Entering . . .''; (4) "the 26th day of August, 1947 . . . in . . . Ohio . . . of a felony, to wit, Burglary . . . ''; (5) "the 26th day of August, 1947 . . . in . . . Ohio . . . of a felony, to wit, Grand Larceny. . . .'' At the trial, the court, granting the state's motion to dismiss this last charged prior offense, read the other charged prior felonies to appellant, who then admitted suffering these convictions and serving state prison terms as punishment. Upon the jury's finding of appellant's guilt of two felonies, burglary of the first degree and assault with a deadly weapon, the court rendered a judgment of conviction and adjudged appellant an habitual criminal within the meaning of section 644, subdivision (a) of the Penal Code.

Appellant charges reversible error in the record's void of proof that these Ohio and Michigan offenses would have constituted California felonies of the type enumerated in section 644, subdivision (a) had appellant so conducted himself in California. ▮▮ In construing this statute upon a petitioner's writ of habeas corpus attacking his habitual criminal adjudication, the Supreme Court, in *In re McVickers, supra* (1946), 29 Cal.2d 264, 267, said: "It is settled that 'In order to adjudge a defendant an habitual criminal the test is not whether he shall have been twice convicted of any felonies, but whether he shall have been twice convicted of *felonies enumerated in section 644 of the Penal Code.'* . . . ▮ It is also settled that the crimes enumerated in section 644 must be understood to be crimes *as defined in the laws of California* and, if committed elsewhere, regardless of the names by which they may be designated, *must in their substance come within California's definitions* of the enumerated crimes.''

▮ We must therefore consider, taking Ohio and Michigan in that order, whether "the minimum elements of the foreign offense[s] are substantially similar to the minimum elements of one of the offenses enumerated in Penal Code, section 644(a).'' (*People* v. *Morton* (1953), 41 Cal.2d 536, 539 [261 P.2d 523].)

Since the record does not disclose the precise dates upon which appellant committed these prior crimes we shall consider the Ohio law of burglary retroactively from 1947 to 1910, the date of Appellant's birth. Chapter 4, sections 12437 and 12438 of the General Code of Ohio (1910), respectively, entitled "Burglary in an inhabited dwelling'' and "Burglary in an uninhabited dwelling or other building'' contains the burglary law of Ohio for this period. ▮ However, since

section 12438[1] also includes *attempts* to break and enter, while section 459[2] of the California Penal Code does not, the two Ohio burglary convictions are not necessarily the equivalent of a California burglary as required by section 644, subdivision (a); and since this court must assume that appellant's conviction under the Ohio law was based upon the least punishable offense (*In re McVickers, supra* (1946), 29 Cal.2d 264, 278) appellant's habitual criminality conviction cannot be sustained upon either of the Ohio convictions.

Since, however, section 644, subdivision (a) of the Penal Code, requires only two prior felony convictions, appellant's habitual criminal conviction may be properly predicated upon the two Michigan crimes if the minimum elements of the foreign offenses are "substantially similar to the minimum elements of one of the offenses enumerated . . ." (*People* v. *Morton, supra* (1953), 41 Cal.2d 536, 539) in that section.

Turning to appellant's 1928 Michigan conviction of "Larceny from the person," we find that this conviction could only be based upon section 15297 of the 1915 Michigan Compiled Laws, this provision having remained unchanged at all times prior to appellant's conviction and since his birth. (Compiled Laws of Michigan 1915, ch. 257, § 17 (15297), pp. 5293, 5297; Compiled Laws of Michigan 1929, ch. 282, § 17, p. 5898; Compiled Laws of Michigan 1897, ch. 320, § 17, pp. 3434, 3439.)

Section 15297 reads, "Every person who shall commit the offense of larceny by stealing from the person of another, shall be punished by imprisonment in the state prison not more than five [5] years. . . ." Section 487 of the California Penal Code similarly provided in 1928 that "Grand theft is committed in either of the following cases: . . . 2. When the property is taken from the person of another. . . ." (Stats. 1927, ch. 619, p. 1047; defining crime as grand larceny Stats.

---

[1] "Whoever in the night season maliciously and forcibly breaks and enters, or attempts to break and enter an uninhabited dwelling house, or a kitchen, smokehouse, shop, office, storehouse, warehouse, malthouse, stillhouse, mill, pottery, factory, water craft, schoolhouse, church or meeting house, barn or stable, railroad car, car factory, station house, hall or other building, or attempts to break and enter an inhabited dwelling house with intent to steal property of any value, or with intent to commit a felony, shall be imprisoned in the penitentiary not less than one year nor more than fifteen years."

[2] "Every person who enters any house, room, apartment, tenement, shop, warehouse, store, mill, barn, stable, outhouse or other building, tent, vessel, railroad car, mine or any underground portion thereof, with intent to commit grand or petit larceny or any felony is guilty of burglary."

1923, ch. 129, p. 271, Stats. 1919, ch. 150, p. 235, Stats. 1907, ch. 90, p. 113.) Since appellant's 1928 Michigan conviction would have constituted grand theft in California (Pen. Code, § 490a; Stats. 1927, ch. 619, § 7, p. 1047) it falls within Penal Code, section 644, subdivision (a).

■ Appellant's 1939 Michigan conviction of "Breaking and Entering" likewise falls within section 644, subdivision (a) of the Penal Code. This conviction could be founded upon a violation of either section 16948 or 16949 of the 1929 Michigan Compiled Laws. While these two code provisions are substantially modified versions of sections 15290 to 15294 of the 1915 Michigan Compiled Laws these latter sections were expressly repealed in 1925 without any savings provision for the prosecution of offenses committed prior to such repeal. (Public Acts of Michigan 1925, p. 523; Public Acts of Michigan 1929, pp. 28-30.) Such a savings provision is necessary in Michigan for the prosecution of prior offenses subsequent to the repeal of a criminal statute. (*People* v. *Lowell* (1930), 250 Mich. 349 [230 N.W. 202].)

We therefore consider sections 16948 and 16949 of the 1929 Michigan Compiled Laws, as amended by Public Acts of Michigan 1931, chapter XVI, page 643. Section 16948 reads: "Any person who shall break and enter in the *night time* with intent to commit any felony, or any larceny therein, any dwelling house, tent, hotel, office, store, shop, warehouse, barn, granary, factory or other building, structure, boat or ship, railroad car or any private apartment in any of such buildings, shall be guilty of a felony. . . ." (Emphasis added.) Section 16949 provides: "Any person who shall break and enter in the day time or who, without breaking, shall enter either in the day or night time, any dwelling, house, tent, hotel, office, store, shop, warehouse, barn, granary, factory or other building, boat, ship, railroad car or structure used or kept for public or private use, or any private apartment therein . . . shall be guilty of a felony. . . ."

The California burglary statute is worded broadly enough to encompass all acts which comprise burglary in Michigan. Section 459 of the California Penal Code reads, "Every person who enters any house, room, apartment, tenement, shop, warehouse, store, mill, barn, stable, outhouse or other building, tent, vessel, railroad car, mine or any underground portion thereof, with intent to commit grand or petit larceny or any felony is guilty of burglary." (Stats. 1913, ch. 144, p. 228, amendments to Cal. Code, 1875-1876, ch. 56, p. 111.) The

California statute not only includes any building, but likewise any "room"; furthermore, in comparison to section 16948 of the Michigan code, California Penal Code, section 459, does not require any "breaking" or entry in the "night time." Section 16949 of the Michigan Code does not outlaw any acts which are not also outlawed by the California statute.

On oral argument appellant sought to avoid the impact of this last Michigan conviction by urging that the conviction could have been under a statute[3] making the theft of certain parts from a car or chattels within the car a felony, which acts do not comprise burglary in California. This statute, however, was enacted on June 15, 1939, by the Michigan Legislature at its 1939 Regular Session, and the session did not adjourn until June 30, 1939. (Public Acts of Michigan 1939, § 356(a), pp. 471, 923.) While appellant suffered this "Breaking and Entering" conviction on August 2, 1939, it could not possibly have been pursuant to the automobile statute. Article V, section 21, of the Michigan Constitution (1908), remained unchanged throughout this period (indeed, it remains unchanged today.) It provides, "No . . . act shall take effect or be in force until the expiration of ninety days from the end of the session at which the same is passed, *except that* the legislature *may give immediate effect to acts making appropriations and acts immediately necessary for the preservation of the public peace, health or safety* by a two-thirds vote of the members elected to each house." No provision having been made for the immediate effectiveness of the automobile statute, and appellant's conviction occurring prior to the effective date, this statute has no bearing on this case.

We affirm the judgment.

Bray, P. J., and Duniway, J., concurred.

---

[3] "[28.588(1)] Larceny from motor vehicle; breaking and entering, penalty. § 356a. Any person who shall commit the offense of larceny by stealing or unlawfully removing or taking any wheel, tire, radio, heater or clock in or on any motor vehicle shall be guilty of a felony, punishable by a fine not to exceed $1,000.00, or by imprisonment in the state prison not more than 5 years.

"Any person who shall enter or break into any motor vehicle for the purpose of stealing or unlawfully removing therefrom any goods, chattels or property of the value of not less than $5.00, or who shall break or enter into any motor vehicle for the purpose of stealing or unlawfully removing therefrom any goods, chattels or property regardless of the value thereof if in so doing such person breaks, tears, cuts or otherwise damages any part of such motor vehicle, shall be guilty of a felony, punishable by a fine not to exceed $1,000.00, or by imprisonment in the State Prison not more than 5 years.

"Approved June 15, 1939."