[Crim. No. 2268.    Fourth Dist., Div. One.    Nov. 20, 1967.]

THE PEOPLE, Plaintiff and Respondent, v. HENRY LYNN CAMERON, Defendant and Appellant.

Ronald R. Hrusoff, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Howard J. Bechefsky, Deputy Attorney General, for Plaintiff and Respondent.

COUGHLIN, J.—Defendant appeals from a judgment of conviction of burglary in the first degree, and an adjudication he was an habitual criminal.

At the trial the issue in the burglary charge was one of identification. There was no contention a burglary had not been committed. Defendant was identified as the burglar by the victim who saw him face to face, in a lighted room of the burglarized premises, for approximately 45 seconds; talked to him asking what he was doing there and received the reply he was looking for someone; but did not then apprehend him because of an interrupting telephone call, apparently in response to a call to the police. Shortly thereafter the victim, being alerted by the barking of a dog, went into his yard and saw a person emerging from some bushes; go across a neighbor's yard; and onto the adjoining street, where he was apprehended by the police. The person was defendant. He fitted a description previously given the officers by the victim; was placed under arrest forthwith; and was searched. In one of his pockets he had some coins among which was a Columbian Exposition 50-cent piece belonging to the victim's wife. The defendant denied the burglary, and accounted for his presence on the street where he was arrested by saying he was on his way home. His guilt was well established.

On appeal defendant urges (1) an illegal search and seizure; (2) erroneous admission of incriminating statements; (3) ineffective trial counsel; (4) error in reading to the jury that part of the information charging three prior convictions; (5) insufficiency of the evidence to support the adjudication

of habitual criminality; and (6) insufficiency of the verdict to support that adjudication.

The search of defendant was made as an incident to his arrest upon probable cause; was not illegal; and defendant's contention to the contrary is without merit. (*People* v. *Torres,* 56 Cal.2d 864, 866 [17 Cal.Rptr. 495, 366 P.2d 823]; *People* v. *Lewis,* 240 Cal.App.2d 546, 549 [49 Cal.Rptr. 579]; see also *People* v. *Cove,* 228 Cal.App.2d 466, 469 [39 Cal.Rptr. 535].)

On rebuttal, for impeachment purposes, the court permitted the introduction of inconsistent statements made by defendant to the police while in custody following his arrest. The evidence establishes defendant was advised of his constitutional rights prior to making the statements in question as prescribed by *People* v. *Dorado,* 62 Cal.2d 338 [42 Cal.Rptr. 169, 398 P.2d 361]. The trial of the case took place in April 1965. For this reason the rule in *Miranda* v. *Arizona,* 384 U.S. 436 [16 L.Ed.2d 694, 86 S.Ct. 1602, 10 A.L.R.3d 974], was not applicable. (*People* v. *Rollins,* 65 Cal.2d 681 [56 Cal.Rptr. 293, 423 P.2d 221].) The assertion of error upon the ground admission of the statement violated defendant's constitutional rights is without merit. The court did err in ruling upon the propriety of the method of using inconsistent statements for impeachment purposes, but its error was not prejudicial. Even though defendant's objection to the introduction of the statements had been sustained, he would have been convicted. Any error was inconsequential and would not support a reversal under the applicable rule stated in *Chapman* v. *California,* 386 U.S. 18 [17 L.Ed.2d 705, 87 S.Ct. 824], or *People* v. *Watson,* 46 Cal.2d 818, 835 [299 P.2d 243].

The record shows defendant's trial counsel was able and aggressive in his representation; belies the contention his counsel was ineffective; and dictates the conclusion his claim is without merit, frivolous and ridiculous.

The information alleged three prior felony convictions; two for burglary in the State of Alabama; and the third for attempted robbery in the State of California. Defendant denied these allegations. The issue thus raised was tried by the jury concurrently with the issue of guilt on the main charge. The information, including the allegations of prior convictions, was read to the jury as required by Penal Code, section 1093. Defendant's contention such a procedure violates the constitutional rights of an accused has been rejected by both federal and state courts. (*Spencer* v. *Texas,*

385 U.S. 554 [17 L.Ed.2d 606, 87 S.Ct. 648, 653]; *People* v. *West*, 253 Cal.App.2d 348, 355 [61 Cal.Rptr. 216]; *People* v. *Succop* *(Cal.App.) 57 Cal.Rptr. 269; *People* v. *Hoerler*, 208 Cal.App.2d 402, 407 [25 Cal.Rptr. 209].) The procedure was proper. No error occurred.

The judgment of conviction should be affirmed. On the other hand, for the reasons hereinafter stated, the adjudication of habitual criminality should be reversed.

The jury found the allegations of prior convictions for the offenses of burglary in Alabama were true. As a part of its pronouncement of judgment the trial court found defendant had been convicted of the two burglary crimes in Alabama and adjudged him an habitual criminal, punishable by life imprisonment, as prescribed by Penal Code, section 644. This finding and adjudication were recorded in the minutes of the court.

█ A prior conviction of the crime of burglary committed in another state supports a finding of habitual criminality only if the minimum elements of the crime committed are substantially similar to the minimum elements of the crime of burglary as defined in this state. (*People* v. *Morton*, 41 Cal.2d 536, 539 [261 P.2d 523]; *In re McVickers*, 29 Cal.2d 264 [176 P.2d 40].) █ The crime of burglary in the State of Alabama includes acts not included within the crime of burglary in the State of California, e.g., entering an unlocked automobile, and breaking out of a house. The evidence does not establish the elements of the crimes for which defendant was convicted of burglary in Alabama. The Attorney General concedes the insufficiency of the evidence in this regard, and the necessity for a reversal. The decisions in *People* v. *Vossbrink*, 189 Cal.App.2d 677, 680 [11 Cal.Rptr. 857], *People* v. *Burns*, 181 Cal.App.2d 480, 482 [5 Cal.Rptr. 301] and *People* v. *Richardson*, 74 Cal.App.2d 528, 540 [169 P.2d 44], dictate this conclusion.

█ To support an adjudication of habitual criminality the defendant must have served separate terms for each of the prior convictions in a state prison. (Pen. Code, § 644; *People* v. *Collins*, 228 Cal.App.2d 460, 464 [39 Cal.Rptr. 595].) The jury should find upon this issue. (*People* v. *Figuieredo*, 146 Cal.App.2d 807, 809 [304 P.2d 161].) In the case at bench the verdict of the jury on the allegations on each prior conviction

---

*A hearing in *People* v. *Succop* was granted by the Supreme Court on May 4, 1967. The opinion of that court is reported in 67 Cal.2d 785 [63 Cal.Rptr. 569, 433 P.2d 473].

found as true merely "the charge of previous conviction" alleged to have been suffered by the defendant. There was no finding as true the allegations that for each conviction the defendant served a separate term.[1]

That part of the judgment convicting defendant of the offense of burglary is affirmed; that part thereof adjudging defendant an habitual criminal and imposing sentence is reversed with instructions to grant a new trial on the issues raised by defendant's denial of the allegations of prior convictions in the information, and to resentence defendant after the conclusion of the limited new trial on those issues. (*People* v. *Morton, supra,* 41 Cal.2d 536, 545 [261 P.2d 523].)

Brown (Gerald), P. J., and Whelan, J., concurred.

---

[1]We direct attention to the inadequacy of the verdict in order that a proper form of verdict may be used in the future. The evidence establishes without dispute defendant served separate terms for the Alabama burglaries; imprisonment under the sentence on the first, for two years, commenced May 26, 1950, and ended December 24, 1951, and imprisonment under the sentence for the second, for three years, commenced on March 9, 1954, and ended November 11, 1956.