[Crim. No. 14134.   Second Dist., Div. Two.   July 18, 1968.]

THE PEOPLE, Plaintiff and Respondent, v. ERNEST AULISI, Defendant and Appellant.

*Assigned by the Chairman of the Judicial Council.

150

George A. Manus, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Lola M. McAlpin, Deputy Attorney General, for Plaintiff and Respondent.

ROTH, P. J.—Appellant was found guilty by a jury of first degree robbery and was found to be armed. Prior convictions charged were found to be true. Upon the court's own motion the finding that appellant was personally armed was stricken. Probation was denied, the appellant was sentenced to state prison for the term prescribed by law.

This appeal is from the judgment of conviction.

Mrs. Frances Yetter, owner of a liquor store in Los Angeles, testified that at approximately 3:15 in the afternoon of November 20, 1966, two men, whom she identified as appellant and a Mr. Hannah, entered her store at the same time, Hannah carrying a paper bag. Hannah told her he had something to exchange, opened the bag, took out a gun and pointed it at her, telling her to put the money from the cash register into the bag. Appellant at this time was standing inside the store near the cigar case. He said to Hannah, ''put the gun away.'' Hannah put the gun into his pocket. Mrs. Yetter placed $25 in the bag. Both men hurried out of the store.

Mrs. Yetter identified appellant in court as one of the men who held her up on November 20.

Hannah testified for the prosecution and identified appellant as his companion. He stated his reason for testifying against appellant (''. . . why should I take and do all the time for the two of us?'') He testified there was no promise of an early parole or leniency, and that he had never discussed the testimony he was giving in court with anyone, although he had a ''conversation''—(''Just walking by a person and saying 'Hi' would be having a conversation with somebody'') with a police officer regarding the case the day before the trial.

Appellant testified he was not near the liquor store on November 20, 1966; did not have any involvement with Hannah on that date, and did not own a gun. Further, he did not know Mr. Hannah but saw him in a restaurant on Alvarado Street and gave him 50 cents on one occasion, and $1 on another, because Hannah was hungry. He said also that he had had a fight with Hannah over a woman.

Appellant admitted he was not working on November 20, 1966, but stated that prior to that date he had been employed as a machine operator.

After the jury was sworn, appellant having pleaded not guilty to the prior alleged in the information, the judge informed them that the information charged robbery committed with a deadly weapon, and also charged appellant with conviction under the Dyer Act, a felony. The jury was apprised at appellant's request that the Dyer Act felony meant taking a stolen automobile across state lines.

■ Appellant contends the statement before the trial commenced, apprising the jury that he had been charged with a prior felony conviction and the evidence establishing it,

prejudiced the jury's objective ability to render a fair verdict on the robbery charged based only on the evidence presented as to the robbery. Appellant argues that even though he denied the prior conviction charged in the information, the statement thereof by the court to the jury, effectively impeached him at the opening of the trial and even before his cross-examination during which the prior was again brought out by way of impeachment. He argues too, that evidence of the prior should not have been permitted on cross-examination because the probative value was outweighed by its prejudicial effect. (See *People* v. *Westek*, 31 Cal.2d 469, 476 [190 P.2d 9].)

It is thoroughly settled, however, that a defendant's credibility may be impeached by questioning him as to convictions for prior felonies. (Evid. Code, § 788 (former Code Civ. Proc., § 2051)); *People* v. *Knighton*, 250 Cal.App.2d 221, 226-227 [58 Cal.Rptr. 700]; *People* v. *Roberts*, 213 Cal.App.2d 387 397 [28 Cal.Rptr. 839].)

Although the prejudicial effect of this type of evidence is recognized, it has been held that eliciting such impeaching testimony from the defendant is not violative of any federal or state Constitutional right. The justification is that evidence of a prior conviction is only one element which is to be considered by the jury in determining the credibility of a witness. (*People* v. *Knighton, supra,* at page 231.)

It is settled, too, that where a defendant denies conviction for prior offenses, that the jury may be informed of a defendant's prior record by reading of the information containing allegations of defendant's prior offenses. (*People* v. *West*, 253 Cal.App.2d 348, 355 [61 Cal.Rptr. 216]; *People* v. *Cameron*, 256 Cal.App.2d 135, 138 [63 Cal.Rptr. 807]; *People* v. *Hoerler*, 208 Cal.App.2d 402, 408 [25 Cal.Rptr. 209].)

Reading the prior in the indictment is justified as being "within the statutory power of the states to promulgate their own rules of evidence. . . ." (*People* v. *West, supra*, at p. 355.)

Penal Code, section 1025 provides that if a defendant answers that he has not suffered conviction of the prior offense charged against him, the question of whether or not he has suffered such previous conviction must be tried by the jury which tries the issue upon the plea of not guilty. If he pleads not guilty and answers that he has suffered such previous conviction, his answer is conclusive of the fact in all subsequent proceedings, and the charge of the previous con-

viction must not be read to the jury nor alluded to on the trial. ■ Appellant here pleaded not guilty and denied that he had suffered previous conviction, thereby bringing the prior in issue.

■ Although neither Penal Code, section 1025 nor section 1093 subdivision 1 in express words requires the non-admitted prior to be read to the jury before the trial begins, the clear implication of both sections is that it must be, and we so hold. (*People* v. *Williams,* 148 Cal.App.2d 525, 535-536 [307 P.2d 48].)

■ Finally, it is clear that appellant not only made no objection to the court's reading the information, but after the prosecution had made its opening statement, said: ''The only thing is I feel that counsel's opening statement left one question mark for the jury, and that's what is the Dyer Act. I don't think the jurors would necessarily know what that means in the way of an offense.''

The judgment is affirmed.

Fleming, J., and Nutter, J. pro tem.,* concurred.

Appellant's petition for a hearing by the Supreme Court was denied September 11, 1968.

---

*Assigned by the Chairman of the Judicial Council.